ANABEL J. McCUTCHEON, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO et al., Defendants-Appellees.

First District (4th Division)    No. 79-1788

Opinion filed March 26, 1981.

Anabel J. McCutcheon, of Chicago, for appellant, *pro se*.

Michael J. Murray, of Chicago (James Scanlon, of counsel), for appellees.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

This appeal is brought from a judgment of the circuit court of Cook County affirming the administrative decision of the defendant Board of Education of the city of Chicago (the Board) dismissing plaintiff Anabel J. McCutcheon as a tenured principal. Plaintiff raises the following contentions in this court: (1) the Board improperly failed to appoint an independent hearing officer and also failed to properly notify plaintiff of the charges against her; (2) plaintiff was only tried and charged for conduct unbecoming a principal and therefore should have been retained as a teacher; (3) the circuit court erred in denying plaintiff's motion for restoration or just compensation for property allegedly confiscated by defendants; (4) plaintiff was denied her first amendment right to criticize the Board.

We affirm.

On September 7, 1976, the plaintiff, who was employed by the Board as a principal at the Audubon School in Chicago, was notified that she was suspended pending a hearing on charges that she engaged in conduct unbecoming a principal and failed to discharge her duties and responsibilities as principal at the Audubon School. On September 16 plaintiff

received a certified letter from the Board notifying her that the charges had been filed against her with the Board by defendant Joseph P. Hannon, who was then the general superintendent of the schools. Included with the letter was a 10-point specification of charges, stating:

1. On September 12, 1975, Miss Anabel J. McCutcheon threatened to cause bodily harm with a baseball bat to Mario Garofalo, engineer-custodian, of the Audubon School.

2. Miss Anabel J. McCutcheon failed to present acceptable performance appraisal objectives for the 1975-76 school year despite suggestions, conferences, recommendations, and directives of her superiors to do so.

3. In the spring of 1975 and on June 19, 1975, Miss Anabel J. McCutcheon was observed by employees of the board of education scantily and indecently attired in the Audubon Elementary School.

4. On November 10, 1975, Anabel J. McCutcheon failed to follow payroll procedures in that she claimed a day of illness leave (A) when in the afternoon she attended and spoke at the public portion of a meeting of the board of education.

5. On January 9, 1976, Miss Anabel J. McCutcheon kicked Tom Moran, Jr., the school janitor, in the buttocks.

6. Miss Anabel J. McCutcheon failed to follow a directive from the district superintendent issued on February 2, 1976, ordering her to stop making recommendations on suspension forms of steps to be taken by parents such as spanking. She indicated such insubordination in a letter to Dr. Heing, district superintendent, on February 4, 1976, and on February 11, 1976, she continued in her defiant and insubordinate manner.

7. Miss Anabel J. McCutcheon suspended two pupils for 19 days on February 11, 1976. The district superintendent shortened the suspension to nine days in a letter to parents and principal dated February 18, 1976. Miss Anabel J. McCutcheon disregarded the direct order of her superior and ordered that the suspension for 19 days stand thereby being insubordinate and violating Board Rule 6—9 (Rev. 5/28/75).

8. Miss Anabel J. McCutcheon refused to send necessary personnel identification data to the office of District 3 and the department of teacher personnel despite letters requesting the information from two district superintendents and the assistant superintendent in charge of personnel.

9. Miss Anabel J. McCutcheon refused to meet or cooperate with the department of field auditors for the purpose of reviewing the

audit report and recommendations of the auditor completed on May 17 and 18, 1976, regarding improper bookkeeping procedures at Audubon Elementary School.

10. Miss Anabel J. McCutcheon has repeatedly failed to follow the recommendations, suggestions, and directives of her superiors for the improvement of her performance as a principal, has continued to be insubordinate, and has otherwise failed to correct her deficiencies and has exhibited such deleterious conduct towards personnel of the Chicago Board of Education that her conduct was, therefore, deemed to be irremediable.

Following a full evidentiary hearing on these charges before a trial committee appointed by the Board and composed of Board members the committee concluded that all the charges had been substantiated, that the conduct of the plaintiff was irremediable, and that there was sufficient cause to justify plaintiff's dismissal from employment with the Board. The trial committee therefore recommended that plaintiff be dismissed. The Board subsequently unanimously concurred in and adopted these recommendations and discharged the plaintiff.

Plaintiff then filed a complaint for administrative review in the circuit court of Cook County. That court, after full hearings and a complete review of the transcript of the proceedings before the Board, affirmed the decision of the Board.

On appeal to this court plaintiff has not attacked the sufficiency of the evidence adduced below in support of the charges against her. Accordingly we refer to that evidence only where necessary to dispose of the issues before us. Suffice it to say that we find that all the charges were substantiated by the evidence presented.

I

■■ Plaintiff first contends that the Board erred in not appointing an independent hearing officer to hear the charges against her and in not having given her a notice to remedy the charges prior to instituting dismissal proceedings. In support of her contention that an independent hearing officer should have been appointed plaintiff incorrectly relies on sections 24—11 and 24—12 of the School Code. (Ill. Rev. Stat. 1975, ch. 122, pars. 24—11, 24—12.) Section 24—12 does require appointment of an independent hearing officer to hear charges against a teacher, but as section 24—11 specifically states: "This Section [24—11] and Sections 24—12 through 24—16 of this Article apply only to school districts having less than 500,000 inhabitants." (Ill. Rev. Stat. 1975, ch. 122, par. 24—11.) The Board of Education of the city of Chicago is a school district which has a population exceeding 500,000 inhabitants and it is organized pursuant to article 34 of the School Code. (Ill. Rev. Stat. 1975, ch. 122, par.

34—1 *et seq.*) At the time charges were instituted against the plaintiff section 34—85 provided in pertinent part:

> "No teacher or principal appointed by the board of education shall (after serving the probationary period of 3 years specified in Section 34—84) be removed except for cause, and then only by a vote of a majority of all members of the board, upon written charges presented by the general superintendent of schools, *to be heard by the board or a duly authorized committee thereof.*" (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 122, par. 34—85.)

Thus the trial committee, which was a duly authorized committee of the Board, possessed the authority to hear the charges against the plaintiff. Section 34—85 has since been amended to provide for the appointment of an independent hearing officer in a manner similar to the provisions of section 24—12. (Ill. Rev. Stat. 1979, ch. 122, par. 34—85.) However we note that former provisions of section 24—12 (Ill. Rev. Stat. 1973, ch. 122, par. 24—12), under which school boards were authorized to perform the multiple functions of investigation, prosecution and fact determination, have been upheld against due process challenges. *Grissom v. Board of Education* (1979), 75 Ill. 2d 314, 388 N.E.2d 398; *Gilliland v. Board of Education* (1977), 67 Ill. 2d 143, 365 N.E.2d 322; *Morelli v. Board of Education* (1976), 42 Ill. App. 3d 722, 356 N.E.2d 438.

■■ ■ Plaintiff is also mistaken in her contention that the Board was required by statute to first advise her of the complaints against her so as to give her an opportunity to correct her deficiencies before removal proceedings were started. At the time these proceedings were initiated section 34—85 of the School Code, which sets out the procedures for dismissing teachers and principals, stated in pertinent part:

> "Before service of notice of charges on account of causes that may be deemed to be remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges." (Ill. Rev. Stat. 1975, ch. 122, par. 34—85.)

This statute was subsequently amended by Public Act 80-250, effective August 16, 1977, to provide that such warning was to be given to teachers "or principals" (Ill. Rev. Stat. 1977, ch. 122, par. 34—85), but no such requirement with respect to principals existed at the time these proceedings commenced. Furthermore, even assuming that the statute applied to the plaintiff, such notice is required only when the cause for dismissal is remediable. Plaintiff complains that the finding of irremediability was initially made prior to the hearing and before any evidence was heard. But this is precisely the procedure contemplated by the statute, which necessarily requires such a preliminary determination by the Board in order that they may determine whether notice to remedy must be given.

The Board has the discretion to determine remediability in the first instance, subject to confirmation at the conclusion of the hearing. *Fender v. School District No. 25* (1976), 37 Ill. App. 3d 736, 347 N.E.2d 270.

■■ Plaintiff does not challenge the ultimate determination of the Board that the evidence established that her conduct was irremediable and we find no basis for overturning that determination. The test for determining whether a cause for dismissal is irremediable is whether damage has been done to the students, faculty or school, and whether the conduct causing the damage could have been corrected had the teacher been warned by her superiors. (*Gilliland v. Board of Education* (1977), 67 Ill. 2d 143, 365 N.E.2d 322.) Even when individual causes, considered in isolation, may be remediable, courts have found that a combination of a number of charges, and a showing of a continuous nature to the conduct, may provide a sufficient basis for a finding of irremediability. (*Gilliland*; *Glover v. Board of Education* (1974), 21 Ill. App. 3d 1053, 316 N.E.2d 534, *aff'd* (1975), 62 Ill. 2d 122, 340 N.E.2d 4.

■■ The charges against this plaintiff, which we have found to be fully supported by the evidence, establish a pattern of disrespect for school policy and insubordination to school personnel in the face of repeated attempts to persuade her to follow established procedures and policy. We find that the repeated nature of this behavior, in combination with the other instances of physical threats and attacks on school personnel and inappropriate dress in the school, constitutes a sufficient basis for the finding of irremediability.

## II

■■ We find no merit to plaintiff's second contention, that she should have been retained as a teacher because the charges against her only related to her service as a principal. At the time these proceedings commenced plaintiff was employed as a principal and so the charges were necessarily restricted to her performance in that position. Plaintiff has cited no authority for her implicit contention that although fired as a principal she had a continuing right to employment as a teacher. Section 34—85 by its terms refers to removal of a principal *or* teacher and we find no basis for determining that the statute contemplates a two-step removal process for principals, first as principals and then as teachers. Ill. Rev. Stat. 1975, ch. 122, par. 34—85.

## III

■■ Plaintiff also contends that the circuit court erred in denying her motion for restoration of or compensation for property allegedly confiscated by defendants. Under this general category plaintiff now seeks various items of personal property, accumulated sick leave, vacation

leave, and other salary amounts allegedly due her. But she concedes that with one exception none of these matters were raised with the Board. This appeal has been brought under the authority of the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) Section 11 of that Act provides in pertinent part:

> "The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." (Ill. Rev. Stat. 1975, ch. 110, par. 274.)

Accordingly, all plaintiff's claims not made a matter of record before the Board committee could not be subject to review by the circuit court, and that court properly denied her motion. Furthermore, we are precluded from entertaining as questions for review matters not properly presented to the circuit court for administrative review. *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 335 N.E.2d 600.

Plaintiff did raise before the Board and orally with the circuit court the question of items of personal property she contended had been removed from her school office. The committee requested from her a list of such items, but this apparently was never produced by her. In any event we do not find this question to be relevant to the issue of plaintiff's discharge,

IV

Plaintiff's final contention is that she was denied her first amendment right to criticize the Board. This apparently relates to specification number 4, which we have quoted earlier, in which it was alleged that plaintiff failed to follow payroll procedures when she claimed a full day of illness leave when in fact she had utilized the afternoon of that day to speak at a Board meeting. The evidence at the hearing before the trial committee established that on a day for which plaintiff had claimed the full day's illness leave in order to care for a sick relative she had appeared in the afternoon at a public session of the Board and had made a presentation. Plaintiff's supervisor learned of this and refused to approve the absence form as filled out because a full day's paid absence was requested. Plaintiff now appears to contend that this constituted retribution for the criticism of certain school expenditures she had voiced at that meeting. However, plaintiff has pointed to no evidence in the record supporting this theory. Accordingly, we find no basis for determining that the failure to approve the full day's absence or the bringing of this charge related to that incident were efforts to interfere with plaintiff's exercise of her first amendment rights.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JIGANTI and LINN, JJ., concur.