Anabel J. McCUTCHEON, Plaintiff,

v.

Lester FOREMAN, Warren Wolfson, Chicago Principals Association (AFL–CIO), Kathryn Janega, Ron Cope and John B. Schwartz, Defendants.

Anabel J. McCUTCHEON, Plaintiff,

v.

EXECUTIVE COUNCIL OF the C.P.A., American Federation of Labor, Chicago Principals Association (AFL–CIO), Kathryn Janega, Samuel Dolnick and Loretta Nolan, Defendants.

Nos. 86 C 3526, 86 C 3663.

United States District Court,
N.D. Illinois, E.D.

Aug. 12, 1986.

Anabel J. McCutcheon, pro se.

David Lincoln Ader, Ancel, Glink, Diamond & Murphy, Terry L. McDonald, Asst. State's Atty., Martin J. Rubin, Schwartz & Rubin, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

ASPEN, District Judge:

*Pro se* plaintiff Anabel J. McCutcheon has filed a complaint in *McCutcheon v. Foreman*, No. 86 C 3526 (N.D.Ill. filed May 16, 1986), purporting to state a claim in connection with proceedings in Illinois state court. Defendants, Cook County Circuit Court Judges Lester Foreman and Warren Wolfson, the Chicago Principals Association ("CPA"), Kathryn Janega, Ron Cope and John B. Schwartz, have moved on various grounds to dismiss under Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the motions to dismiss are granted. Furthermore, on August 8, 1986, this Court entered an order to consolidate *McCutcheon v. Executive Council of the C.P.A.*, No. 86 C 3663 (N.D.Ill. filed May 22, 1986), with this case under Local Rule 2.31. We also grant the motions to dismiss of the defendants in that case (the *"Executive Council"* case) for reasons set forth in this order.

### I. *No. 86 C 3526—The CPA Case*

McCutcheon's complaint is a rambling litany of often incoherent allegations vehemently protesting her alleged persecution by the defendants.[1] Even giving her the benefit of the doubt as a *pro se* litigant and reading the complaint liberally, we find serious problems with the allegations contained therein.

This suit is one in a long line of cases brought in both state and federal court by this litigious plaintiff.[2] The entire history cannot be summarized in this order, but the Court will attempt to lay some of the groundwork which prompted McCutcheon to file this action. In the mid–1970's, McCutcheon was fired from her position as principal of the Audobon School by the Board of Education of the City of Chicago ("the Board") based on charges of unprofessional conduct. She pursued her appeal rights from that decision but the Board's decision was affirmed by an Illinois appellate court in 1981. *McCutcheon v. Board of Education of the City of Chicago,* 94 Ill.App.3d 993, 50 Ill.Dec. 343, 419 N.E.2d 451 (1st Dist. 1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1713, 72 L.Ed.2d 135 (1982). Apparently, one of McCutcheon's next steps was to sue the CPA, a labor organization to which she belonged, alleging that the CPA breached her contract by failing to provide representation at her discharge proceedings. That action was filed in the Circuit Court of Cook County, Illinois, where defendant Wolfson, as the presiding judge, granted a directed verdict to the defendants. That ruling is now on appeal in the Illinois courts.

Presumably, McCutcheon's lack of success at the state level has prompted her to seek a federal forum. Her complaint arises from the preceding history and purports to state claims under the civil rights provisions of 42 U.S.C. §§ 1983 and 1985 (1982) and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968 (1982 & Supp. II 1984).

As a preliminary matter, we dismiss all defendants except Foreman and Wolfson from the § 1983 claims because there is no allegation that any of the other defendants in this suit acted "under color of state law" as required by that statute.

McCutcheon's allegations regarding Foreman and Wolfson arise from rulings made by these judges during the course of her state breach of contract action. Foreman is accused of granting an inordinate number of continuances which unduly delayed trial, thus extending the period in which McCutcheon was unjustly deprived of her livelihood. McCutcheon complains that Wolfson should have recused himself from presiding in her case because defendant Janega, who represented the CPA in

---

1. The Court appreciates the efforts of counsel for the various defendants in this cause efforts in discerning the nature of McCutcheon's allegations from the cryptic complaint and framing the issues in their motions to dismiss.

2. We invite plaintiff's attention to Federal Rule of Civil Procedure 11. Further, pleadings in the instant cases and additional litigation regarding the subject matter in these cases will be examined by the Court with Rule 11 in mind.

the case, once took "public action" in behalf of Wolfson's brother. Furthermore, she asserts that Wolfson's grant of a directed verdict to the CPA in state court was improper and implies that he was biased against McCutcheon because Janega is the daughter of a "fellow judge." McCutcheon claims that she was denied her due process rights since these acts prevented a jury from hearing her case.

Foreman and Wolfson point out in their motion to dismiss that all of the actions which form the basis for McCutcheon's complaint against them were conducted in the course of their duties as judges, and that they are therefore afforded absolute judicial immunity from civil damage suits based on these judicial acts done in the exercise of their jurisdiction.[3] We agree. *See Forrester v. White,* 792 F.2d 647, 651 (7th Cir.1986). Accordingly, Foreman and Wolfson are dismissed from this suit.[4]

■ Defendant Schwartz was one of McCutcheon's attorneys in prior proceedings in state court. He is named in the complaint under Counts II and III, but it is not clear why. The following is a general description of Schwartz's actions as pled in the complaint: he requested continuances in state court; he requested and received legal fees for work which was never done; he failed to testify in McCutcheon's breach of contract suit against the CPA. Furthermore, McCutcheon throws in an oblique reference to Schwartz's failure to file a suit ten years ago based on the allegations raised here. It is difficult to ascertain the nature of McCutcheon's complaint against Schwartz unless it has something to do with alleged malpractice or violations of the professional ethics code for lawyers. McCutcheon does not allege that Schwartz was involved in any acts which might even remotely subject him to liability under RICO. Furthermore, there are no allegations of any conspiracy which would give rise to a suit under § 1985. The Court grants Schwartz's motion to dismiss for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6).[5]

■ With respect to the CPA and defendants Janega and Cope, attorneys with the law firm which is defending the CPA in McCutcheon's contract suit, the allegations in McCutcheon's complaint are not much clearer. It appears that McCutcheon is still complaining about the fact that the CPA never supplied her with the legal representation which it was allegedly supposed to provide at her discharge proceedings before the Board. Furthermore, McCutcheon alleges that the CPA, Janega and Cope maliciously and knowingly caused delays in the state court trial, thus causing continued deprivation of her livelihood. She also contends that Cope, who was appointed to represent her in her suspension proceedings before the Board, failed to provide her with any defense. She alleges that Janega and the CPA injured her by their inadequate counsel, delay of trial and breach of contract, which ultimately deprived her of her livelihood as a teacher and principal.

None of these allegations even approaches an acceptable cause of action under the cited statutes. As we previously stated, no § 1983 action lies against any of these defendants because they were not acting under color of state law. That pre-

---

**3.** McCutcheon also broadly alleged that she was entitled to injunctive relief against Foreman and Wolfson, however, she did not specify what type of relief would be appropriate. Accordingly, we dismiss that part of her complaint against these defendants as well.

**4.** Furthermore, we note that as to Judge Wolfson's grant of a directed verdict, McCutcheon has exercised her appeal rights in the Illinois court system. That system should afford her all the due process and relief to which she is entitled.

**5.** Although McCutcheon filed what can charitably be considered responses to the motions to dismiss, she failed to address the legal issues raised in those motions. Instead, she chose to continue to allege more facts in a haphazard and incoherent manner indicating that her preparation involved nothing more than a transcription of her stream of consciousness. For this reason, there is no discussion of McCutcheon's responses to the various motions to dismiss in this order.

requisite is unnecessary to maintain a suit under § 1985, which prohibits conspiracies to deprive individuals of their constitutional rights. However, in order to state a claim under § 1985, the plaintiff must at the very least allege facts from which a conspiracy can reasonably be inferred. *See Quinones v. Szorc,* 771 F.2d 289, 291 (7th Cir.1985). To the extent that it is coherent, the complaint in this case does not provide any factual basis for a § 1985 conspiracy allegation. Accordingly, that part of the complaint is dismissed under Rule 12(b)(6) as well. Finally, there are no specific allegations that the CPA, Janega or Cope engaged in any fraudulent schemes cognizable as predicate acts under RICO. Thus, McCutcheon has failed to plead with the required specificity, the underlying basis for her RICO claim, and the Court dismisses that aspect of the complaint. *See* Fed.R. Civ.P. 9(b); *McKee v. Pope Ballard Shepard & Fowle, Ltd.,* 604 F.Supp. 927, 930 (N.D.Ill.1985).[6]

## II. *No. 86 C 3663—The Executive Council Case*

■ The cast of characters named in the *Executive Council* suit is only slightly different than that in the *CPA* suit. Named as defendants along with the CPA and Janega in the *Executive Council* case are the Executive Council of the CPA, the American Federation of Labor ("AFL"), Samuel Dolnick, past president of the CPA, and Loretta Nolan, current president of the CPA. The same allegations made in the CPA suit against the CPA are included in the *Executive Council* action, except that there is an additional claim under Title VII of the Civil Rights Act of 1964 against the CPA in the latter. Since we already dismissed Janega from the CPA suit and there are no new allegations against her in the second suit, we dismiss her as well from the *Executive Council* action. The substantive basis of McCutcheon's *Executive Council* suit is predominantly the same as in the *CPA* case, but she also tosses in

claims of libel and misrepresentation. Again, since none of these parties are alleged to have acted under color of state law, the § 1983 claims are dismissed.

The AFL is allegedly the parent of the Local 2, School Administrators and Supervising Committee to whom McCutcheon appealed when the CPA allegedly failed to grant her legal defense at her discharge hearings. No other facts regarding the AFL were pled, but it was characterized as an "enterprise" for the purposes of McCutcheon's RICO claim. The construction of McCutcheon's RICO claims is woefully inadequate in providing particulars regarding the underlying fraudulent acts on which her claim is predicated. In fact, her "fraud" claims appeared to be nothing but her breach of contract claims labeled as fraud. Accordingly, the AFL is dismissed from the case. Furthermore, all other defendants are dismissed from the RICO count, since the insufficiency of these allegations is complete.

■ McCutcheon alleges that defendant Dolnick brought spurious charges against her before the Board and the Executive Council, published her defense counsel's strategy in a newsletter, testified against her at her discharge hearing and made misrepresentations regarding her dues payments and "suppressed" evidence that certain procedures were required by the Board and the union contract regarding employee discharges. None of these allegations states a federal claim against Dolnick. Nolan, McCutcheon alleges, testified against her in the contract suit and suppressed the same evidence as Dolnick. Furthermore, McCutcheon alleges that Nolan and the CPA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17 (1982). There is no indication that McCutcheon filed an administrative complaint with the Equal Employment Opportunity Commission, a condition precedent to a Title VII suit in federal court. Thus, it is clear that no federal claim has been stated

---

**6.** Any remaining allegations, if they state a claim at all, do not state an independent basis for federal subject matter jurisdiction, and since

we are dismissing all federal counts, there is no pendent jurisdiction over these claims.

against Nolan either. Accordingly, the *Executive Council* suit is dismissed.[7]

Because this Court has determined that McCutcheon has failed to state a claim upon which relief can be granted against any of the defendants in either the *CPA* action or the *Executive Council* case, we allow the motions to dismiss with prejudice of all defendants in both cases pursuant to Fed.R.Civ.P. 12(b)(6). It is so ordered.

---

**7.** In the alternative, we grant the motion to dismiss on the grounds that McCutcheon failed to file answering memoranda to the motions to dismiss in the *Executive Council* case. *See* Local Rule 13(b).