JAMES H. CROW

*v.*

HENRY C. BOWLBY.

FORMER JUDGMENT—*extinguishment of plaintiff's claim.* Where a plaintiff sued a defendant to recover for boarding a third party, alleged to have been done at defendant's request, and it appeared that in a prior suit of the plaintiff against the party boarded to recover for the same boarding, such party, on a claim for work done, recovered a judgment against the plaintiff: *Held,* that such judgment satisfied his claim for boarding, and that it was a bar to the second suit for the same matter.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

This was an action by Henry C. Bowlby, against James H. Crow, before a justice of the peace, and taken by appeal to the circuit court. The opinion states the facts.

Mr. L. P. BUTLER, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover for board furnished Mrs. Ringler, which appellee alleges he provided at the request of appellant.

There is some conflict in the evidence as to whether appellant ever agreed to pay for the board of Mrs. Ringler. On that question the weight of the evidence seems to be in favor of appellant. We are led to adopt this view the more readily because the equities of the case appear to be with him. The testimony of Mrs. Ringler is uncontradicted that she went to live at appellee's house at the request of his wife to assist in her domestic affairs. She states she had money of her own, and could have paid her board, but she owed nothing —the work that she did in appellee's family being worth more than her board.

But there is a still more conclusive reason why this judgment should not be permitted to stand.

Appellee brought an action before a justice of the peace, against Mrs. Ringler, for her board during the same period for which it is sought to recover in this suit. She filed a counter claim for services. The cause was tried before the justice and a jury, and, although the verdict was irregular, it was in her favor, and the judgment rendered thereon was against appellee, and must be regarded as conclusive as to the rights of the parties. The case was tried on its merits, and there was no evidence offered tending to show appellant was the party liable. There was no such issue in the case.

That judgment was offered in evidence, and the cause of action proven beyond question to be identical with that involved in this controversy. It was never appealed from, and remains in full force.

We must regard appellee's claim for the board of Mrs. Ringler as having been extinguished by the former adjudication, and no reason is perceived why it does not constitute a complete defense to the right to recover in the present action. Had he recovered in the former suit, it is apparent he could have had but one satisfaction of his claim. It would have been merged in the judgment. Upon the same principle his right of action, whatever it may have been, was cut off by the previous adjudication. His demand was effectually satisfied by the counter claim presented, and a second recovery can not be had.

It was error in the court not to award a new trial, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE BREESE dissents.