**H. H. Gunther, Appellant, v. Chicago, Burlington & Quincy Railway Company et al., Appellees.**

### Gen. No. 5504.

1. CONTRACTS—*remedy for failure of corporation to execute.* If the agents of a railroad company agree to execute a certain contract and the railroad company fails or refuses to execute such contract, the remedy is by *mandamus*.

2. EMPLOYER AND EMPLOYE—*right of former to discharge.* In the absence of a definite contract for a term of employment the employer may discharge his employe at will.

Appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

R. D. ROBINSON, for appellant.

WILLIAMS, LAWRENCE, WELSH & GREEN and F. O. McFARLAND, for appellees; J. A. CONNELL, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

On January 18, 1908, H. H. Gunther brought this suit in case in the Circuit Court of Knox county, against the Chicago, Burlington & Quincy Railway Company and three of its officers, H. D. Judson, J. W. Mulhern and W. H. Manss, to recover damages claimed to have been suffered by reason of the failure of the railway company to execute a contract for certain railway facilities, and for wrongfully discharging him from its employ. Later, the case was dismissed as to the railway company and the declaration several times amended. A demurrer was sustained to the last amended declaration, and Gunther elected to abide by it, and the defendants had judgment for costs. Gunther prosecutes this appeal.

The declaration, as finally amended, contained two counts. The first charged that appellant was, and had been for ten years, an employe of the C. B. & Q. Ry. Co. and as such employe was connected with its construction department; that while in the employ of said company he had become the lessee of certain lands in Bureau county, with the right to move the gravel and sand therefrom; that to make its operation profitable, he needed a side track and switch tracks from the railway to said land, and applied to the railway company therefor; that the company, through its agents, caused a written contract with him for the construction of tracks connecting with the railway to be prepared; that he signed it on the understanding that the company would execute it, and thereupon with the consent of the railway company he spent large sums of money in the construction of a grade, side tracks and switches to and upon said land; that at the time appellees were officers of the railway company and knew the facts in relation to the lease and contract and the expenditures made by him; that they, wrongfully and unlawfully conspiring to injure him, threat-

ened that if he did not convey the lease to them or the railway company, they would cause it to refuse to execute said contract and would secure his discharge from its employ; that he refused to surrender the lease, and thereupon appellees, as officers and agents of said railway company, caused it to refuse to execute the contract and procured his discharge from its employ; that as the result appellant has been unable to operate his gravel pit and has lost large profits thereby. The second count was substantially the same as the first, except that it charged that because of said wrongful, unlawful and malicious acts of appellees, appellant lost his position as an employe of the railway company, and the wages that he might have made in that employment.

It appears that some agents of the company had drawn up a contract between it and appellant for putting a track and switches into his gravel pit to connect with the railway company's system. He signed the contract. The railway company did not. The promise of the agents that the railway company would sign it was not in writing. If the railway company wrongfully failed to sign it and if the fact that appellant expended money in the expectation that the railway company would sign it gave him a right to have it signed, then his remedy is an action for *mandamus,* or some other appropriate action against the company.

The nature of a corporation aggregate is such that it can only perform its corporate functions and duties through representatives. Elliott on Railroads, sec. 203. It may be that these officers found that the contract was unfavorable to the company, or that it was giving appellant special privileges, which it had no right to grant. It may be that they found that the contract was illegal, or that appellant was using his position as an employe to get advantages. If so, they were in the lawful discharge of their duty in refus-

ing to enter into the contract. There can be no conspiracy to do a lawful act. There is no fact stated which shows that appellees, as officers, did anything less than their duty to the company in causing the contract to be rejected.

There is nothing in the declaration to show that appellant had a contract for any special term of employment. In the absence of a definite contract for a term of employment the master may discharge his employe at will. What the master may lawfully do in the conservation of his business the officer or agent as such may lawfully do in the proper discharge of his duty. Elliott on Railroads, *supra*. The officers had a right to discharge appellant at any time for a reason unknown to him, or simply because they preferred not to have him in the employ of the company, or preferred to have some other man in his place. It certainly would be a strange doctrine to announce that, whenever an employe is discharged by the corporation for which he is working and he has no contract for a stipulated term, he may hold the officers discharging him liable therefor.

There was no statement in either count of the declaration that the acts charged against appellees were performed with a view to their private gain.

Neither count of the declaration stated a cause of action and the demurrer was rightfully sustained thereto.

The judgment of the Circuit Court is affirmed.

*Affirmed.*

THOMPSON, P. J., took no part.