**Mary L. Bentley, Plaintiff-Appellant, v. Joseph B. Teton, Defendant-Appellee.**

Gen. No. 47,402.

First District, Second Division.
October 21, 1958.
Released for publication November 13, 1958.

Bentley and Moore, of Chicago (Lemuel E. Bentley, of counsel) for appellant.

Ralph F. Lesemann, Legal Counsel, University of Illinois, Albert E. Jenner, Jr. and Prentice H. Marshall, of Chicago, for appellee.

JUSTICE KILEY delivered the opinion of the court.

This is an action for assault and battery, joined with an action for slander and another for the wrongful causing of plaintiff's discharge from her Civil Service position as staff nurse in a Chicago hospital. The amended complaint alleged that malice was the gist of the action in each of the three counts. The trial court, on defendant's motion, dismissed Count II for slander, and Count III, for the wrongful causing of plaintiff's discharge. The order of dismissal found "no just reason" for delaying appeal (Civil Practice Act, Sec. 50 [Ill. Rev. Stats. 1957, ch. 110, § 50]) and plaintiff has appealed.

Plaintiff's suit is based upon an incident which occurred in the Gynecology Clinic of the Research and Educational Hospitals of the University of Illinois. That clinic serves the dual purpose of treating patients and educating University medical students. Plaintiff entered the clinic as a patient on October 5, 1955, and in an "examination cubicle" was attended by defendant and a medical student. A dispute arose between her

and defendant regarding a re-examination in the course of which she claims that she was assaulted and defamed. Following this incident she was suspended from her Civil Service position as nurse and was eventually discharged. She claims that the suspension and discharge were attributed to defendant.

The first count of the amended complaint alleges that defendant "assaulted, attacked and struck plaintiff." The second count charges that defendant called plaintiff a seriously degrading name in the presence and hearing of other persons who heard and understood the statement to refer to plaintiff, and that by reason of the statement plaintiff's reputation for virtue and good morals was damaged because she was held up to scorn and contempt. The third count alleges that defendant wrongfully "encouraged and persuaded" plaintiff's superiors to discharge her from her Civil Service position.

The motion to dismiss was made by defendant "pursuant to sections 45 and 48 of the Civil Practice Act." The motion was not truly one used as a demurrer under section 45 (Barrett v. Continental Illinois National Bank and Trust Company, 2 Ill.App.2d 70), but was for an "Involuntary Dismissal" (Sec. 48) on the ground "(d) That the cause of action is barred by a prior judgment." Under section 48(3) if plaintiff's affidavits raise "a material and genuine disputed question of fact" the motion to dismiss "shall" be denied if the action is "at law and a jury demand has been filed." Plaintiff filed a jury demand in this case.

■ Normally, estoppel by a prior finding, verdict or judgment operates not as a bar to an action but as a defense. A plaintiff replies to avoid that defense if the fact previously found is the only or decisive fact in the suit. If the reply is not effective to avoid that fact and raises no issue with respect to it, the estoppel defeats the suit.

286

That we think is the answer to the question before us, which is whether the affidavits filed by plaintiff to defendant's motion under section 48 raised "material and genuine" disputed questions of fact.

The motion and affidavits of defendant show that plaintiff was suspended for two periods pending the filing of the formal charges against her by the Director of the University Civil Service System: that she was given a hearing at which she and defendant, another doctor, and two medical students, all participants in the clinic incident, testified: that the findings and recommendations of the Hearing Committee were adopted by the Board of Merit: and that the Board of Merit ordered plaintiff discharged. The motion and affidavits also show the suit by plaintiff against the University Board of Trustees, et al., for a review of the administrative order and the Circuit Court judgment confirming the findings and order of the Board of Merit.

Plaintiff's counter affidavits raise questions of law with respect to the legality of the Civil Service hearing and with respect to the application of res judicata. She states as a fact that the Civil Service proceeding was inspired by defendant and carried to a conclusion because she refused to release her cause of action against him. She states that the Administrative Review cause is still pending. This is not so. Her appeal from the Circuit Court judgment was finally dismissed in this court October 28, 1957.

██ We think the Circuit Court judgment disposed of the questions of law, raised in plaintiff's affidavits, with respect to the hearing. The questions of the legality of the suspensions and of the hearing of the charges were put in issue there on the same basis as they are presented in the affidavits here. Those legal questions have been finally adjudicated and cannot be raised again now.

With respect to the facts stated in plaintiff's affidavits, Count II charges defendant with slander in that he imputed unchastity to her. In the administrative hearing defendant and three other medical men denied that defendant called plaintiff what plaintiff then testified he called her. The finding was that plaintiff "neither understood nor believed" that defendant called her what she says he did. This finding was confirmed by the Circuit Court judgment in the Administrative Review proceeding. This estops plaintiff from again contesting this precise question. Crow v. Bowlby, 68 Ill. 23. And because that precise question is the controlling question in Count II, the trial court properly dismissed the Count, inasmuch as the plaintiff's affidavit stated no facts to avoid the binding effect of the original finding.

The cases of Rockwood Sprinkler Co. v. Phillips, 265 Ill. App. 267, and Collins v. Baim, 299 Ill. App. 405, cited by plaintiff, are not persuasive against this conclusion. It is true that this is estoppel by judgment rather than res judicata since the cause of action is not the same here as in the administrative proceeding. It is also true that the cases require that one employing estoppel must be a party or privy to the earlier judgment, while plaintiff's Administrative Review action was not against defendant here, but against the University Board of Trustees et al. The facts in the Rockwood Sprinkler Co. and Collins cases justified the decisions made in them but we think they do not apply to the factual situation in this case. Neither do the principal and agent cases cited by defendant strictly apply. We are of the opinion, however, that estoppel should be available to defendant in the instant case because of the nurse-doctor relationship between plaintiff and defendant and the relationship of both to the Board of Trustees, a defendant in the Administrative Review action.

288

Count III alleges the "malicious" interference with plaintiff's contract of employment. The ground of defendant's motion was that the valid discharge order barred plaintiff and precluded her "from collaterally questioning" the order. Plaintiff's reply to the motion is that that ground, while relevant in the Administrative Review proceeding, is irrelevant in consideration of this Count, which is based on defendant's conduct in causing the discharge. However the Count alleges that defendant caused others "to wrongfully remove" her from her position and that plaintiff was "wrongfully charged with creating a disturbance."

We must assume, since the order of discharge has been finally determined to be valid, that the Merit Board had the right to do what it did. Estoppel by judgment therefore precludes her from maintaining that she was wrongfully discharged.

■ Two paragraphs of plaintiff's Count III refer to defendant's malice in causing her discharge and do not describe the discharge as wrongful. We shall assume that these paragraphs allege that defendant is liable even though the discharge was lawful. The events underlying the charge against plaintiff for misconduct at the clinic were reported by defendant to his superior. We think he had this right if in his judgment plaintiff was guilty of misconduct, since she was a nurse employed in the same service as he. Since this is so we see no basis in holding him liable in damages to plaintiff even if he were "bitter" and "hostile" toward her, Feeley v. McAuliffe, 335 Ill. App. 99, 104, or if she was promised immunity from the charges made against her. Defendant did not do what he "knew he had no right to do" as in London Guar. & Acc. Co. v. Horn, 206 Ill. 493, 505. Nor is Doremus v. Hennessy, 176 Ill. 608, of aid to plaintiff. The parties who breached their contracts with Mary Hennessy had no legal basis for

doing so, but did so because they were unlawfully threatened.

For the reasons given the judgment is affirmed.

Affirmed.

LEWE, P. J. and MURPHY, J., concur.