James S. Browet, J.
Defendants move nnder subdivision 4 of rule 106 of the. Rules of Civil Practice to dismiss the complaint for insufficiency.
*1010 The complaint, the only pleading before the court, consists of two causes of action. The first, against the corporate defendant only, seeks damages for breach of contract. The second, against all defendants, apparently alleges a conspiracy between defendants and others to breach said contract and that, pursuant to said conspiracy, said defendants and others maliciously committed certain acts which harmed plaintiff financially.
In the first cause of action, paragraph ‘ ‘ Third ’ ’ of the complaint alleges that plaintiff and defendant Century entered into a written agreement, annexed to the complaint, wherein plaintiff agreed to sell and defendant agreed to buy certain real and personal property and that the parties agreed to enter into all the necessary formal contracts. Paragraph “Fourth” states that plaintiff has duly performed the terms and conditions to be performed by it. Paragraph “Fifth” states that the defendant breached its agreement and failed and refused to enter into the necessary contracts. Paragraph “Sixth” states that by reason of said breach plaintiff suffered financial damage.
Paragraph “ 3 ” of the contract reads: ‘ ‘ This contract is contingent upon Pontiac Motor Division acceptance of the purchaser herein named as the authorized Pontiac dealer ’ ’.
A motion to dismiss for insufficiency under rule 106 of the Rules of Civil Practice admits all facts alleged in the complaint and inferences that they may be fairly drawn from such allegations of fact but does not admit the legal conclusions averred. Where, as here, the contract upon which plaintiff relies is annexed to the complaint, the rights and duties of the parties must be determined by the terms of the contract annexed to the challenged pleading and not by plaintiff’s characterization or construction thereof in its pleading (Red Robin Stores v. Rose, 274 App. Div. 462).
It is conceded by both parties that the obligation under the contract is contingent upon the acceptance by Pontiac Motor Division of defendant purchaser as an authorized Pontiac dealer. Defendant calls said paragraph “ 3 ” a condition precedent and takes the position that the complaint is insufficient since it fails to state facts constituting acceptance by the third party, Pontiac Motor Division, of defendant as a dealer. Plaintiff takes the position that said paragraph is a condition subsequent and therefore it does not have to plead anything except performance of the conditions required of it.
The following appears in Hershey v. Carter (137 N. Y. S. 2d 207, 208): “A condition precedent is one whose existence *1011 is necessary for the obligation to come .into being. A condition subsequent is one that, if it arises, will defeat an existing obligation. Wood & Selick v. Ball, 190 N. Y. 217 ”.
The language of paragraph “ 3 ” is clear and unambiguous and comes within the definition of a condition precedent. The pleading should therefore contain allegations that the purchaser was accepted by the third party as a dealer. The first cause of action is therefore insufficient.
In the event that the purchaser has prevented the contingency from becoming a fact, it would seem to this court that such an allegation would he a necessary part of the pleading since plaintiff may be successful if he can show that the failure of acceptance was attributable solely to the defendant’s fault. In Amies v. Wesnofske (255 N. Y. 156) the court stated (pp. 162-163): “ The question remains whether the condition quali-
fying the promise, that it should become performable only upon ‘ the closing of title, ’ has remained unfulfilled, because of any fault upon the part of the defendants.' If a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure. (Williston on Contracts, vol. 2, § 677; Dolan v. Rodgers, 149 N. Y. 489; Matter of Casualty Co. [Bliss Co. Claim], 250 N. Y. 410, 419.) ‘ It is a well-settled and salutary rule that a party cannot insist upon a condition precedent, when its non-performance has been caused by himself.’ (Young v. Hunter, 6 N. Y. 203.). ‘ It is as effective an excuse of performance of a condition that the promisor has hindered performance as that he has actually prevented it. ’ (Williston on Contracts, vol. 2, § 677.) ”
The second cause of action against the corporate defendant and its officers realleges the contract and states that the defendants and others conspired to breach the contract and harm the plaintiff financially and enumerates many acts committed by defendants. The only interpretation the court can extract from this cause of action is that it charges defendants with a conspiracy to breach the contract. This it may not do against the corporate defendant since one contracting party does not have a cause of action against the other for conspiring to breach the contract or, for that matter, for inducing the breach (Labow v. Para-Ti Corp., 272 App. Div. 890).
With respect to the individual defendants whom the complaint designates as officers and principal stockholders of the corporate defendant, the cause of action is likewise insufficient, since as has been stated in Wendell v. Sleppin (7 Misc 2d. 306, 307-308): “An officer or director of a corporation is not *1012 personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation’s promise being broken (see Potter v. Minskoff, 2 A D 2d 513, and cases cited therein). It is true that the problem is not a simple one and that the boundry line beyond which the corporate officer or director may not operate with immunity has been drawn in several decisions (Buckley v. 112 Central Park South, 285 App. Div. 331; Navarro v. Fiorita, 271 App. Div. 62, affd. 296 N. Y. 783; Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App. Div. 317). Yet, while not determinative, it is noteworthy that in these decisions where the pleading has .been sustained the complaint has contained allegations that the acts of the corporate officers were done with the motive for personal gain as distinguished from gain to their corporation. Individual liability depends upon what motivated the individuals in bringing about the termination of the contract.”
Accordingly, the motion to dismiss the complaint is granted with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered herein with notice of entry.
Settle order.