RAYMOND H. WORRICK, Plaintiff-Appellant, *v.* TED FLORA *et al.,* Defendants-Appellees.

(No. 70-156; ▮▮▮▮▮▮▮▮

Third District—August 17, 1971.

Thomas V. Cassidy, of Peoria, for appellant.

Davis, Morgan & Witherell, of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Raymond Worrick, brought this action in the Circuit Court of Peoria County seeking damages on account of the alleged malicious interference by the Defendants with Plaintiff's employment contract. The complaint as amended in the first count sought recovery against Ted Flora, Defendant-Appellee, individually, and in the second count sought recovery against Hagerty Brothers Company, Defendant-Appellee. The trial court dismissed each count for failure to state a cause of action and the plaintiff elected to stand on his complaint as amended. This appeal therefore follows from the court's action in dismissing the complaint.

Since this case was decided solely on the pleadings the facts as disclosed by the complaint are undisputed.

Count I against Ted Flora, alleges in substance that plaintiff Worrick was employed by Hagerty Brothers from 1948 until 1965, and was at the time of the termination of his employment the Treasurer and a Director of Hagerty Brothers. Plaintiff's employment was pursuant to oral contract terminable at the will of either party but plaintiff expected to continue his employment with Hagerty until his retirement.

Flora was the President, a Director and principal shareholder of Hagerty Brothers. On September 15, 1965, Flora discharged plaintiff, such action being thereafter confirmed by the Board of Directors of Hagerty on the same day.

According to the complaint Flora wrongfully interfered with the contractual relationship between the plaintiff and Hagerty in that he maliciously defeated the rights of the plaintiff under his oral contract of employment. Specifically defendant (1) intentionally and without just cause brought about the termination of plaintiff's employment contract by the Hagerty Brothers Board of Directors on September 15, 1965, and (2) intentionally and without just cause summarily discharged plaintiff on September 15, 1965.

As described in the complaint the conduct was malicious because intentional and without just cause and proximately caused damage to plaintiff.

Count 2 of the complaint against Hagerty Brothers restated most of the facts in the first count of the complaint. Additionally the count alleged that Hagerty jointly and in combination with Flora, wrongfully interfered with the contract rights between plaintiff and itself and that his wrongful conduct was maliciously committed and defeated the rights of the plaintiff under his oral contract of employment with Hagerty. Specifically, Hagerty jointly and in combination with defendant Flora, intentionally and without just cause, acquiesced in the termination of plaintiff's employment contract and approved of Flora's action.

Plaintiff disagrees with the trial court's conclusion that his complaint fails to state a cause of action and urges on this appeal that it does so. Defendants argue that Hagerty Brothers, the corporate employer, can not be guilty of the tort of interfering with its own contract and also that the facts set forth in the complaint do not describe any wrongful conduct of anyone.

■■ There is no doubt but that Illinois recognizes a tort action based on improper interference with contract rights. Interference to be actionable is usually characterized as malicious but is also referred to as wrongful or unlawful. In *Doremus v. Hennessy*, 176 Ill. 608, 52 N.E. 924, one of the principal cases relied upon by plaintiff, the court discusses and applies the "malicious interference with contract" principle and concludes

that the defendant's conduct was of such a nature as to support liability. The facts in the *Doremus* case are so substantially different that they furnish little assistance in the case at bar. The discussion in *Doremus* does explicitedly foreshadow the problems which have arisen in the general area of unfair competition. Malice in the sense of ill will, hostility or intent to injure is not the gravaman of the action because the nature of competition even when considered fair and proper may include such elements without any liability resulting. This dilemma is pointed out in *Doremus* when the court recognizes that a proper goal of competition may be the injury of a competitor and an injury so substantial as to cause the competitor to go out of business or to sustain great losses but generally speaking such damages result from an entirely proper act.

■■ Since the determination of whether interference with another's contract rights is lawful or unlawful does not depend on the traditional concept of malice other definitions of malice or characterizations of the rule have been employed. In *Iverson & Co. v. Dunham Manufacturing Co.,* 18 Ill.App.2d 404, 152 N.E.2d 615, the court observed that "malice * * * in such a case is the doing of such a wrongful act intentionally and without just cause". According to 4 Restatement of Torts, Chap. 37, Sec. 766, "* * * one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, * * * is liable to the other for the harm caused thereby". The foregoing expressions indicate that the theory of liability depends on considerations of privilege or justification. Such considerations involve generally accepted or acceptable standards of conduct. This is made clear by a consideration of 4 Restatement of Torts, Chap. 37, Sec. 767, where the factors affecting privilege are considered. Privilege as so used does not mean a special power, license or permission but refers rather to socially and legally approved conduct.

■■ It seems to be plaintiff's theory that describing Flora's conduct as intentional and without just cause is a factual allegation of sufficient wrongful conduct. The absence of just cause apparently refers to the absence of any misconduct on the part of the plaintiff justifying the termination of his employment. It is our conclusion that such allegations when considered with the other facts set forth in the complaint do not describe actionable misconduct. The complaint is entirely lacking in any facts from which it may be reasonably inferred that Flora was acting other than in accord with his usual and customary duties in behalf of the corporation. Whether his conduct was privileged or justified does not depend upon plaintiff's misconduct or absence thereof but upon whether defendant was acting for personal interests of his own and contrary to those of the corporation.

■■ The only Illinois cases called to our attention dealing with the alleged wrongful interference of employment rights by a fellow employee are *Gunther v. C.B. & Q. Ry. Co.*, 165 Ill.App. 55; *Bently v. Teton*, 19 Ill.App.2d 284, 153 N.E.2d 495, and *Feeley v. McAuliffe*, 335 Ill.App. 99, 80 N.E.2d 373. Each of the foregoing cases indicates that a fellow employee in the exercise of his duties has the right to exercise such duties without liability even though the employment relations of another may be affected. Of the cases, the *Gunther* case presents a factual situation similar to that in the case at bar and it offers ample support for the view we have taken, namely that the defendant's conduct can not be described as wrongful. It is our conclusion that so long as a fellow employee is acting in accord with the interest of the employer no personal liability can devolve upon him. *Hein v. Chrysler Corp.*, 277 P.2d 708 (Wash. 1954), illustrates what we believe to be the proper application of the rule. In the *Hein* case the Zone Manager's conduct was considered wrongful when he endeavored to secure the termination of a dealer's contract in order that the dealership be available for a relative of the Zone Manager.

With respect to Count 2 against Hagerty Brothers, we also believe that a corporate employer can not be guilty of the tort of wrongfully interfering with its own contract. No cases from Illinois have been cited directly relating to this point but there are numerous cases from other jurisdictions supporting such conclusion. See, *Pearson v. Youngstown Sheet and Tube Company* (1964), 332 F.2d 439; *Boro Motors Corp. v. Century Motor Sales Corp.* (1959), 187 N.Y.S.2d 490; *May v. Santa Fe Trail Transportation Co.* (1962), 189 Kan. 419, 370 P.2d 390; *Hein v. Chrysler Corp.* (Wash. 1954), 277 P.2d 708; *Cuker Industries, Inc. v. William L. Crown Construction Co.* (1958), 6 A.D.2d 415, 178 N.Y.S.2d 777; *Patterson v. Philco Corp.* (1967), 60 Cal.Rptr. 110; *Ariate Compania Naviera, S.A. v. Commonwealth Tankship Owners, Ltd.* (D.C.N.Y. 1970), 310 F.Supp. 416; and *Allison v. American Airlines* (1953), 112 F.Supp. 37.

■■ For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.