Conrad R. MEDINA, Plaintiff,

v.

SPOTNAIL, INC., Swingline, Inc., American Brands Corporation, all Delaware corporations authorized to do business in Illinois, James Rogers and John P. Clark, in their individual and corporate capacities, Defendants.

No. 83 C 1540.

United States District Court,
N.D. Illinois, E.D.

June 12, 1984.

Arlynn R. Cohen, Abrams, Gomberg & Reese, Ltd., Chicago, Ill., for plaintiff.

Susan S. Sher, Donna B. Panich, Robert I. Zielinski, Mayer, Brown & Platt, Chicago, Ill., for defendants.

### MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff, a professional engineer, is of Filipino ancestry and dark-skinned. He was employed by defendant Spotnail, Inc. on June 5, 1973. He served as vice-president of engineering from April 1978. On January 10, 1982, he was informed that he would be dismissed and on March 31, 1982 he was in fact discharged. Within two months of his discharge he filed a charge with the Equal Employment Opportunity Commission (EEOC). He claimed he was discharged because of his race and color. Plaintiff received a right-to-sue letter from the EEOC and filed this suit within the applicable 90-day period.

Plaintiff's complaint contains ten counts. Count I alleges violation of Title VII, Counts II and III allege illegal conspiracies under 42 U.S.C. § 1985(3), Count IV contains a common law claim for tortious interference with contract, and Counts V through X allege common law claims for breach of contract, wrongful interference with contract and unlawful discharge. De-

fendants move to dismiss certain parties from Count I, to dismiss Counts II and III for failure to state a claim, and to dismiss Counts IV through X for lack of subject matter jurisdiction. In the alternative, defendants move for summary judgment on Counts IV through X.

## I. *Propriety of Defendants in Count I*

■ Defendants first argue that John P. Clark and American Brands Corporation are not proper defendants because they were not named as respondents in plaintiff's EEOC charge. Title VII provides for civil actions only against respondents to a charge filed with the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). The 7th Circuit has held that in keeping with the goals of Title VII parties not named as respondents can be sued if the parties had notice of the EEOC charge and had been presented sufficient opportunity to effect a conciliation. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). In an affidavit, defendant Clark states he had no notice of the EEOC charge and was not aware of and did not participate in any attempts at conciliation with plaintiff. This affidavit is uncontested and is therefore dispositive. Defendant Clark, having not been named as a respondent and having no opportunity to become involved in the conciliatory process crucial to the effectuation of Title VII, is dismissed from Count I. *See Curtis v. Continental Illinois National Bank*, 568 F.Supp. 740, 743–44 (N.D.Ill. 1983).

■ Defendants also move to dismiss defendant American Brands Corporation for the same reasons. American Brands is the parent corporation of defendant Spotnail, Inc., which was named as a respondent in the charge. Plaintiff claims that as a parent corporation American Brands might have maintained sufficient control over the operation of Spotnail to be considered to have received notice. In an affidavit filed with this court, however, the secretary of American Brands has stated that there is no record that American Brands received notice of the charge or that American Brands was asked to participate or actually participated in any conciliatory discussions. The affidavit also stated that Spotnail and American Brands maintained separate boards, bank accounts, work forces, employment programs and financial statements. When a parent corporation has not actually received notice of an EEOC charge, or had an opportunity to participate in conciliatory proceedings, dismissal is proper. *See Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709, 714–16 (E.D.Pa.1976). Plaintiff has shown nothing to indicate that American Brands actually did receive notice, such as plaintiffs demonstrated in *Evans v. Meadow Steel Products, Inc.*, 572 F.Supp. 250, 254–55 (N.D.Ga.1983). In the absence of such a showing American Brands is also dismissed from Count I.

## II. *The Conspiracy Claims*

■ Counts II and III of the complaint are brought pursuant to 42 U.S.C. § 1985(3), alleging conspiracies to deprive plaintiff of his rights under Title VII. The Supreme Court in *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), explicitly found that allowing a Section 1985(3) action for a Title VII violation would undermine the detailed enforcement procedures of that title. "Unimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under Section 1985(3)." *Id.* at 378, 99 S.Ct. at 2352. Accordingly, Counts II and III are dismissed.

## III. *Jurisdiction*

### A. *Diversity Jurisdiction*

■ Defendants attack the jurisdictional bases for the state claims, Counts IV through X. They claim no independent basis for jurisdiction exists. Plaintiff claims, however, that diversity jurisdiction exists for Counts V and VI because defendant

Rogers, the party who destroys the requisite complete diversity, is not named and could not be named in those counts. Diversity jurisdiction, however, cannot be meted out count-by-count. Section 1332 grants jurisdiction to federal courts where "the matter in controversy" is between diverse parties. 28 U.S.C. § 1332(a). Federal courts are required to "scrupulously confine their own jurisdiction to the precise limit which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934). Use of the term "the matter," rather than "each individual count," indicates that Congress required complete diversity as to the entire suit. *See Strawbridge v. Curtiss*, 7 U.S. 267, 2 L.Ed. 435 (1806) (requiring complete diversity in "the suit" rather than each count). Rogers, a citizen of Illinois, is named as a defendant in six of the eight counts of the complaint filed by plaintiff, also a citizen of Illinois. Rogers is a major figure in the suit and in no way a nominal defendant. Accordingly, complete diversity does not exist and no independent federal basis for jurisdiction exists in this case for the state law claims.

### B. *Pendent Jurisdiction*

■ Defendants also argue that this court does not have the power to exercise pendent jurisdiction over the state claims and, if it does, it should exercise its discretion to deny such jurisdiction. Three questions should be considered in determining whether a court has the power to hear state claims: (1) whether there exists a substantial federal claim; (2) whether the state and federal claims derive from a common nucleus of operative fact; and (3) whether the claims are such that plaintiff would ordinarily be expected to try them all in a single proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The court finds that these three conditions are met. Plaintiff's Title VII claim is a federal claim properly within this court's subject matter jurisdiction. The state claims and the federal claim involve plaintiff's employment with Spotnail and the

events culminating in his dismissal and thus derive from a common nucleus of operative fact. Finally, the court concludes that these are the types of claims that would normally be tried together. Accordingly, the court finds that it has the power to hear these claims.

■ Gibbs, however, makes it clear that a district court has discretion in determining whether or not to exercise its power. In exercising that discretion the court should consider judicial economy, convenience and fairness to the litigants, whether a novel interpretation of state law is required, whether state law issues will predominate over the federal issues and other such questions, including the possibility of jury confusion. *See Id.* at 726–27, 86 S.Ct. at 1139–40.

■ A number of federal courts have exercised their discretion not to hear state claims as pendent to a federal Title VII claim. *See e.g., Carrillo v. Illinois Bell Telephone Co.*, 538 F.Supp. 793 (N.D.Ill. 1982); *Lazic v. University of Pennsylvania*, 513 F.Supp. 761 (E.D.Pa.1981); *Hughes v. Marsh Instrument Co.*, 27 Fair Empl.Prac.Dec. (BNA), ¶ 32,332 (N.D.Ill. 1981). In addition, some courts have held that pendent state claims can never attach to Title VII claims. *See Frye v. Pioneer Logging Machinery, Inc.*, 555 F.Supp. 730, 732–735 (D.S.C.1983); *Bennett v. Southern Marine Management Co.*, 531 F.Supp. 115 (M.D.Fla.1982); *Lim v. International Institute of Metropolitan Detroit, Inc.*, 510 F.Supp. 722 (E.D.Mich.1981). These courts argue that the procedural provisions of, and the type of relief allowed by, Title VII indicate a congressional intent to preclude the attachment of pendent state claims to the federal Title VII claim. Following *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), a pendent party case, they find that pendent jurisdiction is not allowed. A number of courts, on the other hand, have allowed Title VII actions to carry pendent state claims. *See Frykberg v. State Farm Mutual Insurance Co.*, 557 F.Supp. 517 (W.D.N.C.1983); *Dadas v.*

*Prescott, Ball & Turben,* 529 F.Supp. 203 (N.D.Oh.1981); *Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J.1981); *Goodman v. Board of Trustees,* 511 F.Supp. 602 (N.D.Ill.1981). The court agrees with the latter line of cases and finds that Title VII allows pendent claims. The Ninth Circuit wrote, while dealing with a related preemption issue:

> While the wisdom of allowing open-ended state claims for breach of the implied covenant to co-exist with ADEA claims whose financial redress Congress has carefully limited to specific damage elements is arguable, it is for Congress, not us, to decide whether state common law remedies trench too closely on the federal scheme.

*Cancellier v. Federated Department Stores,* 672 F.2d 1312, 1318 (9th Cir.1982) (citations omitted), *cert. denied,* 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1983). Congress made no provision within Title VII to bar all pendent claims. Consideration of the peculiar statutory scheme and limited nature of the remedy provided for by Title VII are considerations to be used in determining whether to exercise jurisdiction, but do not themselves bar such jurisdiction.

■ In determining whether to exercise its discretion the court is aware of the peculiarities of Title VII's statutory scheme. It is also aware that the benefits of convenience to the parties and judicial economy weigh heavily on the side of allowing pendent jurisdiction in an appropriate case. The court believes this is an appropriate case. The reasoning of Judge Bua in *Goodman v. Board of Trustees, supra,* is instructive. Plaintiff in *Goodman* brought suit under Title VII and the Age Discrimination in Employment Act. Plaintiff also brought state breach of contract claims. The court found pendent jurisdiction to be proper. Reaching that conclusion, the court found that the essential circumstances in the case were relevant to both the federal and state claims. The court also found that judicial economy was fostered by trying together claims which

plaintiff would be expected to try together. Most interestingly, the court found that defendants' defense to both federal and state claims would be the same, *i.e.,* that a legitimate nondiscriminatory basis existed for the failure to appoint plaintiff. *See id.* at 605.

In the present case the federal and state claims involve plaintiff's employment and discharge. State issues will not predominate here and no truly novel issues of state law are involved. These are the types of claims that would normally be tried together and defendants' defense that plaintiff's alleged incompetence was the basis for his firing is identical for all the claims. The court does not believe jury confusion is a problem in this case since the factual matters in question are so similar. Finally, the court does not find that a grant of pendent jurisdiction in this case will damage the statutory scheme so carefully constructed by Congress in Title VII. Accordingly, the court finds plaintiff's state law claims to be within its pendent jurisdiction.

## C. *Pendent Party Jurisdiction*

■ Defendants move to dismiss defendants Clark and American Brands from the pendent state claims. That motion will be granted. These defendants were dismissed from Count I, the only federal claim in this action. Thus, to remain in the state law claims, they would have to be pendent parties. The Supreme Court, in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), held that pendent parties would not be allowed into an action if Congress, in the federal right of action, had explicitly or implicitly acted to keep those parties out. In Title VII, Congress explicitly wanted to keep defendants who had no opportunity to participate in conciliatory discussions out of the federal action. This court previously dismissed those defendants from the federal claim precisely because they were not named in the EEOC charge and were not given the opportunity to participate in conciliatory hearings. It would be anomalous to allow these defendants to remain in this action as state law

defendants after dismissing them, pursuant to a congressional statutory mandate, from the federal claim. *See Curtis v. Continental Illinois National Bank*, 568 F.Supp. 740 (N.D.Ill.1983); *Kiss v. Tamarac Utilities, Inc.*, 463 F.Supp. 951 (S.D.Fla.1978).

### IV. *Defamation*

■ In Count IV plaintiff alleges damage from defamation by defendant Rogers. Plaintiff claims that the defamation was published in two ways. First, plaintiff claims he was defamed by statements made at the EEOC fact-finding conference held to deal with plaintiff's charge. These statements are privileged statements made in a quasi-judicial proceeding. *See McCutcheon v. Moran*, 99 Ill.App.3d 421, 425, 54 Ill.Dec. 913, 916, 425 N.E.2d 1130, 1133 (1st Dist.1981). In *McCutcheon*, the court wrote:

> The judicial proceeding to which an absolute privilege attaches has not been accurately defined. (*Weiler v. Stern* [, 67 Ill.App.3d 179, 23 Ill.Dec. 855, 384 N.E.2d 762 (1st Dist.1978).]) It extends to administrative proceedings insofar as they have powers of discretion in applying the law to the facts and which can be regarded as judicial in nature. Prosser, *Tort*, § 114 at 778, 780 (4th ed. 1971).

> Defendant testified to the alleged battery before the trial committee, which was acting in a judicial or quasi-judicial capacity. The absolute privilege of defamatory statements made in court is equally applicable in this instance.

*Id. See also Stevens v. Tillman*, 568 F.Supp. 289, 294 (N.D.Ill.1983). Defendants' statements at the EEOC hearing were made in the type of quasi-judicial proceeding contemplated in *McCutcheon* and are therefore privileged.

The statements alleged to have been made by defendant Rogers to suppliers in preparation for the hearing, however, are not privileged. If plaintiff can prove that disparaging remarks were made in those contexts, and not just elicited, an action for defamation could lie.

### V. *Tortious Interference with Contract*

■ Plaintiff claims in Count IV that defendant Rogers tortiously interfered with plaintiff's contract with Spotnail. This cause of action cannot be maintained. Rogers was the vice-president of Swingline when plaintiff's discharge occurred. It is claimed that Rogers tortiously interfered with plaintiff's contract with Swingline. Generally, a corporate officer cannot be found liable for tortiously interfering with one of the corporation's contracts. The 7th Circuit in *George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326 (1983), recently discussed this issue.

Corporate officers are not outsiders intermeddling maliciously in the business affairs of the corporation. They are privileged to act on behalf of their corporations, using their business judgment and discretion. *Loewenthal Securities Co. v. White Paving Co.*, 351 Ill. 285, 300, 184 N.E. 310, 316 (1932). Since officers hold policymaking positions, "their freedom of action aimed toward corporate benefit should not be curtailed by fear of personal liability. However, when the action is detrimental to the corporation and outside the scope of corporate authority, immunity ceases to exist." A. Avins, *Liability for Inducing A Corporation To Breach its Contract*, 43 Cornell L.Q. 55, 59 (1957) (cited with approval in *Swager*, [*v. Couri*] 77 Ill.2d [173] at 190, 32 Ill.Dec. [540] at 547, 395 N.E.2d [921] at 928). In light of these policies, Illinois law requires—to state a cause of action against corporate officers for interfering with their corporate principal's contract—the allegation of facts which, if true, establish that the officers induced the breach to further their personal goals or to injure the other party to the contract, *and* acted contrary to the best interest of the corporation. *See generally, Swager v. Couri*, 77 Ill.2d 173, 32 Ill.Dec. 540, 546–47, 395 N.E.2d 921, 927–28 (1979); *Loewenthal Securities Co. v. White Paving Co.*, 351 Ill. 285, 184 N.E. 310 (1932); *Worrick v. Flora*, 133 Ill.App.2d 755, 758–59, 272 N.E.2d

708, 711 (3d Dist.1971); *see also* A. Avins, *Liability for Inducing a Corporation to Breach its Contract,* 43 Cornell L.Q. 55 (1957).

*Id.* at 1333.

To satisfy the requirement of showing that the officer acted to further the officer's own personal goals or to injure the other party, plaintiff must show more than mere malice. Plaintiff must show that the officer was "acting for personal interests of his own and contrary to those of the corporation." *Worrick v. Flora,* 133 Ill.App.2d 755, 758, 272 N.E.2d 708, 711 (3d Dist.1971). Plaintiff alleges no personal interests on Rogers' part and no personal animosity against plaintiff other than a general malice against Filipinos. That generalized malice is not enough. Defendants' motion to dismiss the tortious-interference-with-contract claim against Rogers is granted.

In Counts V through X plaintiff also alleges tortious interference with contract on the part of defendant Spotnail. Spotnail was a party to plaintiff's employment contract. A party to a contract cannot be liable for tortiously interfering with that contract. *See D.P. Service, Inc. v. A.M. International,* 508 F.Supp. 162, 168 (N.D.Ill.1981); *Worrick v. Flora,* 133 Ill. App.2d at 759, 272 N.E.2d at 711. The tortious interference claims against defendant Spotnail are dismissed.

## VI. *Breach of Contract*

In Counts V through X plaintiff alleges breach of contract. Plaintiff alleges he had a year-to-year contract that provided that he was to be fired only for good cause. Generally, in Illinois, a contract of employment is considered to be at will and terminable by either party at any time for any reason unless a period of duration is specified. *See Martin v. Federal Life Insurance Co.,* 109 Ill.App.3d 596, 600, 65 Ill.Dec. 143, 147, 440 N.E.2d 998, 1002 (1st Dist.1982). Aside from conclusory allegations made in the complaint and in plaintiff's deposition, allegations that are not sufficient to withstand a motion for summary judgment, *see Mason v. Continental Illinois National Bank,* 704 F.2d 361, 367 (7th Cir.1983), plaintiff presents only circumstantial evidence of creation of an employment contract for a specified period of time.

Plaintiff testified in his deposition that he was told he would have a yearly salary and his performance would be reviewed every year. In addition, he claims he was included in the executive bonus program in which he was to receive yearly bonuses. He was told, "This will be on a year-after-year basis," and that once he was in the program he was in the program for good. Under Illinois law, however, these promises and plans are not sufficient to show that the employment was for a specified period of time. Payment of salary calculated on an annual basis is not enough to create an employment contract for a specific duration. *See Palmateer v. International Harvester Co.,* 85 Ill.App.3d 50, 52, 40 Ill.Dec. 589, 591, 406 N.E.2d 595, 597 (3d Dist.1980), *rev'd on other grounds,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981). Neither is the expectation of an annual bonus to be calculated at year's end, *see Mann v. Ben Tire Distributors, Ltd.,* 89 Ill.App.3d 695, 698, 44 Ill.Dec. 869, 870, 411 N.E.2d 1235, 1237 (4th Dist.1980), nor the promise of an annual review, *id.* No guarantees were made to plaintiff indicating that he would definitely have an opportunity to remain employed for a year, as in *Grauer v. Valve and Primer Corp.,* 47 Ill.App.3d 152, 5 Ill.Dec. 540, 361 N.E.2d 863 (2d Dist.1977). In fact, plaintiff in his deposition testified as to the arrangements he was told would be made if he did not complete a year, belying any expectation of year-to-year employment.

Plaintiff has not produced any evidence from which this court can conclude that a period of employment was specified in the contract. Accordingly, the court finds that the employment contract was at will and that no breach of contract occurred as a result of plaintiff's termination.

## VII. *Wrongful Discharge*

Finally, plaintiff raises a claim for wrongful discharge. As a general rule, Illinois does not recognize an action for wrongful discharge of an employee hired at will. *See Carrillo v. Illinois Bell Telephone Co.*, 538 F.Supp. 793, 799 (N.D.Ill. 1982). Illinois courts, however, recognize actions for retaliatory discharge. *See Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978); *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981). These cases held that termination of employees in retaliation for actions which the law wishes to encourage is actionable. In *Kelsay*, plaintiff was discharged for making a workmen's compensation claim. In *Palmateer*, plaintiff was discharged for cooperating in a criminal prosecution of another employee. In both cases no mechanism existed to deter such termination.

The present case is clearly different from the retaliatory discharge cases. First, plaintiff's discharge is not alleged to have been retaliatory. Second, and more importantly, a mechanism exists to deter the alleged practice, the Illinois Human Rights Act. *See* Ill.Rev.Stat. 68, § 1–101 *et seq.* In fact, the legislature has explicitly preempted any actions for a civil rights violation brought outside of this Act. *See* Ill.Rev.Stat. 68, § 8–111(D); *Thakkar v. Wilson Enterprises, Inc.*, 120 Ill.App.3d 878, 76 Ill.Dec. 331, 333, 458 N.E.2d 985, 987 (1st Dist.1983).

Plaintiff argues that the public policy against involuntary unemployment, as enunciated in ch. 48, Ill.Rev.Stat. § 300, mandates this cause of action. That argument, if accepted, would destroy the employment-at-will doctrine carefully created and fastidiously applied by the Illinois courts. This court holds that Illinois would not find a cause of action to exist for discharge on discriminatory grounds outside of the Human Rights Act. Plaintiff's cause of action for unlawful discharge, therefore, must be dismissed.

## VIII. *Conclusion*

For the foregoing reasons, the court finds the following: Defendants' motion to dismiss defendants' Clark and American Brands from Count I is granted. Defendants' motion to dismiss Counts II and III is also granted. The court denies defendants' motion to dismiss the state court claims for lack of pendent jurisdiction but refuses to find pendent party jurisdiction over defendants Clark and American Brands. Finally, the court grants defendants' motion for summary judgment as to Counts IV through X, except for the defamation claims arising from the statements made outside the EEOC hearing by defendant Rogers.