ANABEL J. McCUTCHEON, Plaintiff-Appellant, *v.* THOMAS MORAN, JR., Defendant-Appellee.

First District (1st Division)   No. 80-1756

Opinion filed August 17, 1981.

Anabel J. McCutcheon, of Glenview, for appellant, *pro se*.

Stephen B. Rubin, of Chicago (Asher, Goodstein, Pavalon, Gittler, Greenfield and Segall, Ltd., of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal, *pro se*, by plaintiff Anabel J. McCutcheon from an order of the circuit court of Cook County dismissing her amended complaint. Plaintiff, formerly employed by the Chicago Board of Education as a principal at the Audubon School, alleged that defendant Thomas Moran, Jr., also employed at the school as a janitor, libeled her when he accused her of a battery.

Defendant had brought criminal charges against plaintiff after he claimed she caused him injury by kicking him in the buttocks. These charges were prosecuted by the State's Attorney's office. After a two-day trial, plaintiff was found not guilty of the charge.

Defendant also testified about this event before a trial committee of the Board of Education convened to determine plaintiff's employment status. As a result of a full evidentiary hearing on numerous charges brought before this committee, dismissal of plaintiff was recommended. After a complaint for administrative review in the circuit court and an appeal, this court affirmed the decision of the Board. *McCutcheon v. Board of Education* (1981), 94 Ill. App. 3d 993, 419 N.E.2d 451.

The original complaint, although alleging libel, could be more correctly characterized as alleging slanderous conduct on the part of defendant. Plaintiff sought damages for lost income, mental aggravation and loss of esteem and damage to her career. Defendant filed a motion to dismiss, asserting that the complaint was conclusory in nature and not well pleaded; that the alleged defamatory statements showed no cause of action could be stated; and that plaintiff was a public official and did not allege actual malice pursuant to the rule in *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, and the cases which followed it.

An amended complaint was filed by plaintiff. This complaint, while stating the same general grounds for slander, is quite confusing in that it also appears to allege malicious prosecution. It alleges that defendant maliciously caused criminal charges, from which she was acquitted, to be brought against her "without probable cause and reasonable grounds * * * with the motive and design to harass her in her employment." The amended complaint also claims defendant withheld information from the State's Attorney which could have prevented the prosecution of the charges. Defendant answered the amended complaint, generally denying

the allegations and also counterclaimed, charging plaintiff with malicious prosecution by bringing this action.

The trial judge, on defendant's motion, dismissed plaintiff's complaint and, on plaintiff's motion, also dismissed defendant's counterclaim. Defendant does not appeal from the dismissal of his counterclaim. Plaintiff's appeal relates solely to whether she is a public figure under the *New York Times Co.* rule and whether she was "maliciously libeled" when defendant pressed the criminal charges and testified against her at the Board of Education hearings. In his brief, defendant contends plaintiff is a public official and also argues the complaint is otherwise insufficient to state a cause of action for either defamation or malicious prosecution.

Defendant's motion to dismiss was based on the premise that plaintiff was a public official under *New York Times Co. v. Sullivan* and that, because no actual malice was alleged, the complaint was insufficient as a matter of law. In his brief, defendant contends plaintiff's position as a public school teacher-principal makes her a public official. We disagree with this conclusion, but for other reasons stated below we affirm the trial court's order dismissing the complaint.

The issue before us has been discussed in two Illinois cases. The earlier is *Basarich v. Rodeghero* (1974), 24 Ill. App. 3d 889, 321 N.E.2d 739. In that case the court held that within the meaning of *New York Times Co. v. Sullivan* community high school teachers who were also athletic coaches were public figures in the community served by the high school. In reaching this decision, the court noted that the teacher-coaches were public employees and were paid with public funds and that education is a prime governmental responsibility under our State constitution (Ill. Const. 1970, art. X, §1). Relying on language in *Rosenblatt v. Baer* (1966), 383 U.S. 75, 15 L. Ed. 2d 597, 86 S. Ct. 669, the court concluded that a "strong interest in debate on public issues" and a "strong interest in debate about those persons who are in a position significantly to influence the resolution of those issues" made it clear that the teacher-coaches were within the *New York Times Co. v. Sullivan* rule.

The second case, *Johnson v. Board of Junior College District No. 508* (1975), 31 Ill. App. 3d 270, 334 N.E.2d 442, distinguishes itself from *Basarich v. Rodeghero* and restricts its finding to the circumstances of its facts. In *Johnson*, two junior college professors became embroiled in a controversy with students over textbook selection and use in the classroom. The professors alleged that defamatory material was published in the school newspaper. The court was presented with the question of whether the *New York Times Co. v. Sullivan* actual malice test was applicable to the professors. The court, in reaching its conclusion, relied

to a large extent on *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997, saying (31 Ill. App. 3d 270, 276):

"*Gertz* also teaches that the determination of whether one is a public figure is made by 'looking to the nature and extent of an individual's participation in the controversy giving rise to the defamation.' Here it is clear that Johnson and Novar [the plaintiffs] had become actively engaged in the college controversy as to books to be used in their classes. While not public officials and not public figures for all purposes, plaintiffs clearly had become public figures within the Wilson College community, which was the community served by the publication."

In a footnote, the court emphasized their holding does not mean that teachers in a public school are by that very fact public officials or public figures. The holding was limited in that the public college teachers had become public figures "under the circumstances of this case." *Johnson*, 31 Ill. App. 3d 270, 276 n.1.

We are unwilling to place the imprimatur of "public official" on a school teacher. Implicit in the reasoning of *New York Times Co. v. Sullivan* is the concept of a freedom of the governed to question the governor, of those who are influenced by the operation of government to criticize those who control the conduct of government. (*Franklin v. Elks Lodge 1108* (1979), 97 Cal. App. 3d 915, 159 Cal. Rptr. 131.) The relationship a public school teacher or principal has with the conduct of government is far too remote, in our minds, to justify exposing these individuals to a qualifiedly privileged assault upon his or her reputation.

Likewise, we do not feel that plaintiff is a public figure so as to make the actual malice standard applicable. (See *Curtis Publishing Co. v. Butts* (1967), 388 U.S. 130, 18 L. Ed. 2d 1094, 87 S. Ct. 1975.) Public figures include those persons who occupy positions of persuasive power and thrust themselves to the forefront of particular public controversies. *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 345, 41 L. Ed. 2d 789, 808, 94 S. Ct. 2997, 3009.

In *Wolston v. Reader's Digest Association, Inc.* (1979), 443 U.S. 157, 167, 61 L. Ed. 2d 450, 460, 99 S. Ct. 2701, 2708, the Supreme Court stated, "A private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." In *Hutchinson v. Proxmire* (1979), 443 U.S. 111, 61 L. Ed. 2d 411, 99 S. Ct. 2675, petitioner's scientific studies were federally funded. The Supreme Court held that petitioner was not a public figure merely because of the receipt of Federal grants. (443 U.S. 111, 135, 61 L. Ed. 2d 411, 431-32, 99 S. Ct. 2675, 2688.) To do otherwise, the court noted, would be to classify everyone who received public grants as a public figure.

■■ Here, the plaintiff is not a public figure merely because she was a teacher-principal in a public school system supported with public funds. The *New York Times* actual malice standard is not applicable to plaintiff's complaint.

Plaintiff's allegations of slander relate to statements made by defendant to members of the State's Attorney's office and a trial committee of the Chicago Board of Education. While defendant's statements could be taken to impute some sort of criminal activity on plaintiff's part, they are under the cloak of an absolute privilege.

Defendant's statements and allegations of battery were made pursuant to an investigation of the matter preparatory to a trial on the charges. It has long been the recognized rule of law that whatever is said or written in a legal proceeding which is pertinent and material to the matters in controversy is privileged and no action of slander or libel can be maintained upon it. (*Harrell v. Summers* (1961), 32 Ill. App. 2d 358, 178 N.E.2d 133; *John Allan Co. v. Brandow* (1965), 59 Ill. App. 2d 328, 207 N.E.2d 339; *McDavitt v. Boyer* (1897), 169 Ill. 475, 48 N.E. 317.) This privilege is no longer limited to formal pleadings and in-court communications, but includes any communication pertinent to pending litigation. *Weiler v. Stern* (1978), 67 Ill. App. 3d 179, 384 N.E.2d 762.

■■ The trial committee of the Board of Education possessed the authority to hear the charges against plaintiff. (Ill. Rev. Stat. 1979, ch. 122, par. 34—85.) The charges against plaintiff before this committee were numerous. The judicial proceeding to which an absolute privilege attaches has not been accurately defined. (*Weiler v. Stern.*) It extends to administrative proceedings insofar as they have powers of discretion in applying the law to the facts and which can be regarded as judicial in nature. Prosser, Torts §114, at 778-80 (4th ed. 1971).

■■ Defendant testified to the alleged battery before the trial committee which was acting in a judicial or quasi-judicial capacity. The absolute privilege of defamatory statements made in court is equally applicable in this instance. See *Weiler v. Stern*; *Shearson Hayden Stone, Inc. v. Liang* (N.D. Ill. 1980), 493 F. Supp. 104; *Brubaker v. Board of Education* (7th Cir. 1974), 502 F.2d 973, *cert. denied* (1975), 421 U.S. 965, 44 L. Ed. 2d 451, 95 S. Ct. 1953, *clarified* (7th Cir. 1975), 527 F.2d 611.

Plaintiff's amended complaint is also inadequate if construed to allege malicious prosecution. Defendant argues that the complaint was insufficient because it did not properly allege (1) the absence of probable cause for the initiation of the criminal proceeding, and (2) the lack of allegations of a special injury.

■■■ Plaintiff erroneously concludes that because she was acquitted of the criminal charges her assertion that they were wrongfully brought is vindicated. The question of probable cause or the absence thereof is in no

sense dependent upon the guilt or innocence of the accused. (*Carbaugh v. Peat* (1963), 40 Ill. App. 2d 37, 189 N.E.2d 14.) If the defendant has properly obtained the prior advice of the prosecutor, he is deemed to have had probable cause to initiate the criminal prosecution and is immune from liability for doing so. (*Pratt v. Kilborn Motors, Inc.* (1977), 48 Ill. App. 3d 932, 363 N.E.2d 452.) Plaintiff's allegations that defendant lacked probable cause to complain of the battery to the State's Attorney are conclusory and will not, alone, suffice for factual allegations upon which a cause of action must be based. *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 351 N.E.2d 285; *Skolnick v. Nudelman* (1966), 71 Ill. App. 2d 424, 218 N.E.2d 775.

■■ As a suit for malicious prosecution, plaintiff's complaint is also insufficient in that it fails to allege a special injury as a result of the action. In this context, a special injury or special damages are those not necessarily resulting in any and all suits prosecuted to recover for like causes of action. (*Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367; *Schwartz v. Schwartz* (1937), 366 Ill. 247, 8 N.E.2d 668.) Plaintiff claims that (1) she has been embarrassed and humiliated in her profession; (2) she has suffered mental anguish; and (3) she has incurred great legal expenses and court costs. These items are nothing more than the usual expenses, annoyances and inconveniences that may be experienced during the course of a legal proceeding. *Stopka v. Lesser* (1980), 82 Ill. App. 3d 323, 402 N.E.2d 781; *Schwartz v. Schwartz*; *Alswang v. Claybon*; *Caspers v. Chicago Real Estate Board* (1965), 58 Ill. App. 2d 113, 206 N.E.2d 786, *appeal denied* (1965), 32 Ill. 2d 625.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing the complaint is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.