**Dorothy A. STEVENS, Plaintiff,**

v.

**Dorothy Wright TILLMAN, Clascile Broughton, et al., Defendants.**

**No. 81 C 3588.**

United States District Court, N.D. Illinois, E.D.

July 8, 1983.

Ronald H. Balson, Chicago, Ill., for plaintiff.

James P. Chapman, Chapman & Royce, Ltd., Anna R. Langford, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiff Dorothy A. Stevens ("Stevens") brought this action for damages and injunctive relief under 42 U.S.C. § 1985(3) against Dorothy Wright Tillman and nine other parents of Mollison Elementary School students ("parents"). Stevens charged defendants with conspiracy to violate her civil rights, defamation and tortious interference with contract. This action is presently before the Court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b). For the reasons set forth below, this motion is denied.

### FACTS

Plaintiff Stevens is an elementary school principal who has been employed by the Chicago Board of Education since 1939. She is currently principal at Pierce Elementary School, but at the time of the events at issue she was principal at Mollison Elementary School. Plaintiff is white and the students at Mollison are primarily black. Defendants include ten members of the Mollison School Advisory Board, headed by Dorothy Wright Tillman.

Plaintiff charges that defendants conspired to remove her from her position as principal solely because of her race. This conspiracy, plaintiff contends, amounted to invidious discrimination in violation of 42 U.S.C. § 1985(3). Plaintiff claims that defendant parents harassed her and defamed her, organized a boycott of the school and staged a demonstration in her office.[1] As a result of defendants' conduct, plaintiff alleges that she suffered high blood pressure which forced her to take a medical leave of absence and ultimately to accept a reassignment from Mollison to Pierce Elementary School.

Stevens filed a four-count complaint for relief on June 26, 1981. Count I seeks damages for injuries suffered in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3). Count II seeks damages for libel and slander. Count III seeks damages for tortious interference of contract. Count IV seeks an injunction enjoining defendants from further harassment of Stevens.

Defendants argue that they organized to protest and attempt to change certain conditions at Mollison which were harming their children. These problems included: the lack of educational progress by their children; an improperly administered testing system which retarded the achievement levels of the children; and a school policy of locking the students out of the building during lunch hour. Defendants argue further that it was only in the course of their dealings with the plaintiff on these issues that they came to oppose her continued assignment as principal of Mollison.

### MOTION TO DISMISS

The guidelines to be used in considering a motion to dismiss are clear. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–1082, 31 L.Ed.2d 263 (1979);

---

1. Specifically, plaintiff Stevens claims that defendants conspired and took part in the following acts: organizing a one-week boycott of the school by many of the students; illegally occupying Stevens' office on several occasions and handing her an eviction notice; and appearing at the Chicago Board of Education to demand her removal. Plaintiff alleges that she was defamed continually throughout the period, including such charges as: that she was a white woman racist; that she ran the school like a plantation; that she was insensitive and not good for the community; that she ran the school like a dictatorship; and that she was destroying the childrens' minds.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The United States Court of Appeals for the Seventh Circuit has noted:

> Under the Federal Rules of Civil Procedure, it is well established that, on a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed. *Mathers Fund, Inc. v. Colwell,* 564 F.2d 780, 783 (7th Cir.1977).

### A. § 1985(3) Claim

■ To allege a cognizable cause of action under 42 U.S.C. § 1985(3), the complaint must set forth five elements: (1) a conspiracy; (2) motivated by racial or other class-based invidious discriminatory animus; (3) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (4) that the conspirators committed some act in furtherance of the conspiracy; and (5) that the plaintiff was either injured in his person or property or was deprived of having and exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge,* 403 U.S. 88, 102–3, 91 S.Ct. 1790, 1798–1799, 29 L.Ed.2d 338 (1971).

Defendants argue that Stevens' civil rights claim should be dismissed due to her failure to allege state action. While § 1985(3) does not expressly require that a defendant act under color of state law, defendants contend there still can be no claim for relief based on a violation of the Fourteenth Amendment if there has been no involvement by the state. Defendants argue further that Stevens' civil rights claim can only be premised upon the equal protection clause of the Fourteenth Amendment, which requires state action, and therefore it should be dismissed. There is no dispute regarding the absence of state action in the case at bar.

The question of what types of private conduct can be said to deprive individuals of "equal protection of the laws" or of "equal privileges and immunities" is unsettled.[2] The Supreme Court in *Griffin, supra,* opened the door to utilizing § 1985(3) for relief from private action conspiracies to violate the Constitution. The *Griffin* court held that the right to engage in interstate travel and the right to be free of racial discrimination are protected by the Constitution against interference by private action, as well as impairment by state action. It found that Congress was empowered by section two of the Thirteenth Amendment to create a federal cause of action to provide a remedy against private conspiracies motivated by racial animus. No decision has been found which expressly extends the protection of § 1985 to whites as well as nonwhites.

The Supreme Court upheld under the Thirteenth Amendment, the constitutionality of 42 U.S.C. § 1981, as applied to private contracts. *Johnson v. Railway Express Agency,* 421 U.S. 454, 459–460, 95 S.Ct. 1716, 1719–1720, 44 L.Ed.2d 295 (1975). It expanded this ruling in *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 282, 295–296, 96 S.Ct. 2574, 2575, 2586, 49 L.Ed.2d 493 (1976). The Court ruled that § 1981 prohibits private acts of racial discrimination against whites as well as nonwhites. The Court stated:

> Unlikely as it might have appeared in 1866 that white citizens would encounter substantial racial discrimination of the sort proscribed under the Act, the statutory structure and legislative history persuade us that the 39th Congress was intent upon establishing in the federal law a broader principle than would have been necessary simply to meet the particular and immediate plight of the newly freed Negro slaves. *Id.* at 295–296, 96 S.Ct. at 2586.

---

**2.** This question is related to the question of how far Congress can constitutionally act under the Fifth section of the Fourteenth Amendment in regulating private conduct.

■ In the instant action, plaintiff alleges that she was denied equal protection of the law and asserts that her Fourteenth Amendment rights have been violated. Complaint for Violation of Civil Rights and Other Relief, ¶ 8 and ¶ 9. Her allegations under § 1985(3), although not strictly within the scope of the *Griffin* private action analysis, are sufficiently broad so as to state a cause of action. The complaint alleges facts which meet the five-part test for § 1985(3) outlined by the Court in *Griffin* which the Court found to be constitutional under the Thirteenth Amendment.

The Seventh Circuit has repeatedly held that state action is required in order to state a § 1985(3) claim premised upon a violation of the Fourteenth Amendment. *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir.1972); *Cohen v. Illinois Institute of Technology,* 524 F.2d 818 (7th Cir.1975); *Murphy v. Mount Carmel High School,* 543 F.2d 1189 (7th Cir.1976); *Williams v. St. Joseph Hospital,* 629 F.2d 448 (7th Cir.1980). Conversely, the Seventh Circuit has stated, "(E)ven absent state action, plaintiffs may make out a § 1985(3) claim if they show that the defendants conspired to deprive the plaintiffs of equal protection of the laws. This requires, according to *Griffin* (*supra*) . . . a showing of some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Askew v. Bloemker,* 548 F.2d 673 (7th Cir.1976). The Seventh Circuit has also held that defamatory remarks that were racially motivated can constitute a denial of equal protection. *Harris v. Harvey,* 605 F.2d 330, 338 (7th Cir.1979).

In the case at bar, plaintiff Stevens has clearly alleged that defendants were motivated by racial discriminatory animus and conspired to deprive her of equal protection. As found by the Court in *Griffin,* the cause of action is constitutional under the Thirteenth Amendment. It would be wholly inconsistent with the spirit of both the United States Constitution and the Civil Rights Act of 1871 to hold that a black plaintiff could bring a claim under § 1985(3) alleging racial discrimination without the existence of state action and a white plaintiff could not. The Supreme Court stated: "The guarantee of equal protection cannot mean one thing when applied to one individual and something else when applied to a person of another color . . . Racial and ethnic distinctions are inherently suspect and thus call for the most exacting judicial examination." *Regents of University of California v. Bakke,* 438 U.S. 265, 289–290, 291, 98 S.Ct. 2733, 2748, 57 L.Ed.2d 750 (1978).

■ It follows, therefore, that the instant action can be factually distinguished from the cases cited earlier supporting the necessity of alleging state action in a § 1985(3) claim based on the Fourteenth Amendment. That line of precedent does not address the validity of a claim based on racial discrimination against whites. Also, as previously stated, plaintiff has alleged sufficient facts to state a claim recognized as constitutional under the Thirteenth Amendment. Thus, in an effort to apply both consistency and equity to a developing area of the law, the Court holds that state action is not required in a § 1985(3) claim premised upon racial discrimination of any hue.[3]

Accordingly, defendants' motion to dismiss Count I, alleging a violation of 42 U.S.C. § 1985(3), is denied.

### B. Defamation Claim

Plaintiff Stevens charged defendants with defamation in Count II of the complaint. The claim is premised upon state

---

**3.** This ruling goes only to Stevens' equal protection claim and does not recognize the existence of a constitutional violation of due process under the Fourteenth Amendment. The Court declines to rule, at this point, on whether a property interest exists in Stevens' assignment to Mollison, but notes that such an allegation would require state action to sustain its validity. The Civil Rights Act of 1871 creates a cause of action for conspiracy to deny equal protection, but not for a conspiracy to deny due process. *Egan v. City of Aurora,* 291 F.2d 706, 708 (7th Cir.1961); *Collins v. Bensinger,* 374 F.Supp. 273 (N.D.Ill.1974), *aff'd,* 506 F.2d 1405 (7th Cir.1974), *cert. den.* 422 U.S. 1058, 95 S.Ct. 2683, 45 L.Ed.2d 710 (1975).

law. Therefore, jurisdiction for this count is based upon its pendency with Count I, the § 1985(3) claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendants argue that Count II should be dismissed because the alleged defamatory statements [4] were absolutely privileged in that they were made at a meeting of the Board of Education to board members. Defendants argue further that Stevens has failed to properly plead a defamation claim because as a school principal she is a "public official" or a "public figure" and thus the statements are entitled to a qualified privilege. Because of this qualified privilege, defendants argue, Stevens must plead malice and she has not done so. Therefore, they contend that she has failed to state a valid cause of action in Count II.

■ In light of the standards applicable in ruling on a motion to dismiss, *Conley v. Gibson, supra,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the Court finds that the complaint satisfactorily states a claim for defamation and it is reasonably conceivable that the plaintiff can establish a set of facts at trial entitling her to some relief. *Mathers Fund, Inc. v. Colwell, supra,* 564 F.2d 780 (7th Cir.1977). Stevens, as principal of Mollison School at the time the alleged defamatory statements were made, was not a public official or a public figure, *McCutcheon v. Moran,* 99 Ill.App.3d 431, 54 Ill. Dec. 913, 425 N.E.2d 1130 (1st Dist.1981), and thus no qualified privilege attaches to the statements. The *New York Times Co.* "actual malice" standard is not applicable. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Defendants' argument that the allegedly defamatory statements should be accorded an absolute privilege because they were made at a Board of Education meeting is unsubstantiated. Defendants' reliance on *McCutcheon v. Moran, supra,* is unfounded. The *McCutcheon* court granted an absolute privilege to statements because they were made to a trial committee of the Board of Education and were pertinent to pending litigation. *McCutcheon v. Moran,* 99 Ill. App.3d 421, 54 Ill.Dec. 913, 425 N.E.2d 1130, 1133 (1981). Such was not the case in the instant action.[5]

Accordingly, defendants' motion to dismiss Count II, alleging defamation, is denied.

### C. Tortious Interference of Contract Claim

■ Plaintiff Stevens has charged defendants with tortious interference with her right to enjoy the benefits of her employment contract in Count III of the complaint. As in Count II, jurisdiction for this claim is based upon its pendency with Count I, the § 1985(3) charge. *United Mine Workers v. Gibbs, supra,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendants argue that Stevens has failed to satisfactorily allege the required elements of the tort. The Court disagrees. The traditional elements of the tort of inducing breach of contract are: (1) an existing contract between the plaintiff and a third party; (2) defendants' knowledge of this contract; (3) an intentional unjustified inducement to breach the contract; (4) a subsequent breach by a third party; and (5) resulting damage to the plaintiff. *Hannigan v. Sears Roebuck and Co.,* 410 F.2d 285, 291 (7th Cir.1969) (citations omitted).

It is undeniable that Stevens is a party to an employment contract with the Chicago Board of Education. It is equally clear,

---

4. Stevens alleged that defendants defamed her by accusing her of being a "racist", "being insensitive to the needs of Mollison pupils", ruling Mollison "like a plantation," using an "illegal testing system" at Mollison, and allowing the school to deteriorate. Complaint, ¶ 20 and Exhibits A–F.

5. Plaintiff's allegations in Count II are clearly sufficient to survive a motion to dismiss. She may even have stated a claim for libel per se because the allegedly defamatory remarks could be found at trial to be directed at her "inability to perform or want of integrity in the discharge of duties of office or employment." *Catalano v. Pechous,* 69 Ill.App.3d 797, 25 Ill. Dec. 838, 387 N.E.2d 714, 721 (1979).

construing the complaint in the light most favorable to plaintiff, that defendants were aware of this contract and intentionally attempted to modify its terms by unjustifiably forcing Stevens to resign her position as principal of Mollison. In light of the Court's rulings above, it is also possible that plaintiff suffered damages because of the defendants' activities.

The only real issue is whether the employment contract has been breached. Considering the limited nature of the facts before the Court, Stevens' reassignment from Mollison following her medical leave of absence will be viewed as a breach for purposes of stating a claim of tortious interference of contract. "There is no legally significant distinction between unabashed third party conduct which induces one party to outrightly repudiate and breach its contract with another and subtle third party conduct which achieves essentially the same result through the equally questionable means of coercing a contractual modification. Both approaches are equally tortious in nature and similarly interfere with the contractual relationships of others." *Hannigan v. Sears, Roebuck and Co., supra,* 410 F.2d at 291. The instant action arguably falls into the latter category.

Accordingly, defendants' motion to dismiss Count III, alleging tortious interference of contract, is denied.

### D. Claim for Injunctive Relief

Plaintiff Stevens seeks an injunction enjoining defendants from further harassment of her in Count IV of the complaint. Defendants have moved to dismiss this count for failure to satisfactorily set forth the prerequisites for injunctive relief. A trial court has broad discretion in balancing the equities of whether to grant or deny injunctive relief. *Hecht v. Bowles,* 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944). In light of the rulings set forth above, the Court deems it inappropriate at this preliminary stage in the case to dismiss the injunction claim.

Accordingly, defendants' motion to dismiss Count IV, seeking injunctive relief, is denied.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b) is denied. IT IS SO ORDERED.