**Edward VAN AMERONGEN, Plaintiff,**

v.

**CHIEF INDUSTRIES, INC., a Nebraska Corporation, Lynn Lamb, and Brian Grupe, Personally and Individually, Defendants.**

**No. 85 C 10445.**

United States District Court, N.D. Illinois, E.D.

May 8, 1986.

---

Donald M. Rose, Rose & Ross, Ltd., Rolling Meadows, Ill., for plaintiff.

Bresnahan, Garvey, O'Halloran & Coleman, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

ASPEN, District Judge:

■ The motion to dismiss of defendant Chief Industries, Inc. ("Chief") is hereby denied with respect to Count I and granted with respect to Count II. Count I in plaintiff Edward van Amerongen's com-plaint is a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621–634 (West 1985). In paragraph 17 of the complaint, plaintiff alleges that he "has or will immediately file" a charge against Chief with the Equal Employment Opportunity Commission ("EEOC") as required by 29 U.S.C. § 626(d) (1982). Chief argues that the filing of an EEOC charge is a jurisdictional prerequisite to a federal ADEA suit and that plaintiff's failure to comply wrests jurisdiction over his claim from this Court. However, the Seventh Circuit Court of Appeals has rejected the notion that the § 626(d) EEOC filing requirement is jurisdictional and instead has declared it to be a mere condition precedent to an ADEA suit. *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1110–12 (7th Cir.1984). While it is apparent that at the time this suit was originally filed plaintiff had not yet fulfilled this condition precedent, he has represented to this Court that he filed an EEOC charge on February 12, 1986, and sixty days has now passed. Neither of the parties has informed the Court that efforts at conciliation before the EEOC have been fruitful. Thus, at this point, plaintiff has satisfied the condition precedent embodied in 29 U.S.C. § 626(d). Because there does not appear to be a statute of limitations problem even if plaintiff were to file this suit today, the Court sees no benefit in dismissing the ADEA action only to have it reinstated in a matter of days. Accordingly, Chief's motion to dismiss Count I is denied.

■ Count II charges Chief with common law libel based on plaintiff's allegations that an employee of Chief sent a letter which complained of plaintiff's willing violations of company policy, insubordination and theft to the Illinois Department of Employment Security ("the Department"). Chief argues that since this letter was prepared in response to the Department's inquiry regarding plaintiff's entitlement to state unemployment benefits, the statements are entitled to absolute priv-

ilege since they took place as part of a quasi-judicial proceeding. We agree.

Under Illinois law, the absolute privilege for statements made in judicial proceedings has been extended to quasi-judicial proceedings and to statements made in preparation for or in relation to a pending proceeding. *Bond v. Pecaut*, 561 F.Supp. 1037, 1038–39 (N.D.Ill.1983), *aff'd*, 734 F.2d 18 (7th Cir. 1984); *McCutcheon v. Moran*, 99 Ill.App.3d 421, 425, 54 Ill.Dec. 913, 916, 425 N.E.2d 1130, 1133 (1st Dist.1981). The Department and its director are empowered in the course of determining qualification for unemployment benefits to issue subpoenas, hear witnesses under oath, order that depositions be taken, conduct hearings and make findings and determinations, subject to appeal. Ill.Rev.Stat. ch. 48, ¶¶ 450–530 (1985). These powers characterize the quasi-judicial functions of an administrative agency whose proceedings are ordinarily cloaked with the privilege against liability for defamatory statements. *Parker v. Kirkland*, 298 Ill.App. 340, 18 N.E.2d 709, 713 (1st Dist.1939). Chief's letter to the Department was clearly part of the evidence gathering process through which the Department could determine, upon hearing if necessary, plaintiff's entitlement to unemployment benefits. This Court finds that such statements, where pertinent to the question to be resolved in the quasi-judicial proceeding, are privileged with respect to private suits for libel. Accordingly, Chief's motion to dismiss Count II is granted.

For the reasons stated above, Chief's motion to dismiss Count I is denied and its motion to dismiss Count II is allowed. It is so ordered.