S92A0595, S92A0597. ELLERBEE v. MILLS (two cases).

(422 SE2d 539)

HUNT, Justice.

Dexter Mills, a high school principal, sued Dexter Ellerbee, a former teacher, for libel and slander. Mills contends that Ellerbee made false allegations, orally and in writing, concerning Mills' performance as principal. The trial court found that Mills was a private figure who had to prove by a preponderance of the evidence that Ellerbee failed to use ordinary care to determine the truth or falsity of his statements. The jury returned a verdict in favor of Mills. The trial court entered a judgment on that verdict, and permanently enjoined Ellerbee from making 27 statements about Mills. Ellerbee appeals. We affirm the judgment based on the jury verdict, but reverse the grant of the injunction.

1. We agree with the trial court that a high school principal is not a public official under the standard of *New York Times Co. v. Sullivan,* 376 U. S. 254, 279-280 (84 SC 710, 11 LE2d 686) (1964). The Court in *New York Times* declined "to determine how far down into the lower ranks of government employees the 'public official' designation would extend." 376 U. S. at 283, n. 23. The category does not "include all public employees." *Hutchinson v. Proxmire,* 443 U. S. 111, 119, n. 8 (99 SC 2675, 61 LE2d 411) (1979). Rather,

> the "public official" designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs.

*Rosenblatt v. Baer,* 383 U. S. 75, 85 (86 SC 669, 15 LE2d 597) (1966).

Our courts have not yet determined which persons holding positions of responsibility in the public educational system are "public officials." While we recognize that a few states have extended the *New York Times* privilege to high school principals,[1] we believe the better view is that principals are not public officials. This is because, implicit in the reasoning of *New York Times* is the concept that the

---

[1] To our knowledge, only three states have specifically addressed this issue. Compare *Kapiloff v. Dunn,* 343 A2d 251, 258 (Md. 1975) (holding a high school principal is within the public figure, public official classification), cert. denied, 426 U. S. 907 (1976) and *Reaves v. Foster,* 200 S2d 453, 456 (Miss. 1967) (treating a high school principal as a public official) with *McCutcheon v. Moran,* 425 NE2d 1130 (Ill. 1981).

people should be free to question and criticize those who *govern* them. See *McCutcheon v. Moran*, 425 NE2d 1130, 1133 (Ill. 1981). Further, as noted in *Gertz v. Robert Welch, Inc.*, 418 U. S. 323, 344 (94 SC 2997, 41 LE2d 789) (1974), public officials and figures have greater access to media and other channels of effective communication, and, therefore, a better opportunity to rebut false statements than do private individuals. Also, as noted in *Gertz*, an individual who decides to seek or accept government office must accept the consequences of that involvement in public affairs, and

> runs the risk of closer public scrutiny than might otherwise be the case. And society's interest in the officers of government is not strictly limited to the formal discharge of official duties . . . the public's interest extends to "anything which might touch on an official's fitness for office. . . . Few personal attributes are more germane to fitness for office than dishonesty, malfeasance, or improper motivation, even though these characteristics may also affect the official's private character."

*Id.* at 418 U. S. 344-345. In our view, under normal circumstances, a principal simply does not have the relationship with government to warrant "public official" status under *New York Times*. Principals, in general, are removed from the general conduct of government, and are not policymakers at the level intended by the *New York Times* designation of public official.

We also agree with the trial court that under the facts of this case, Mills is not a public figure as defined by *Gertz*, supra, 418 U. S. at 345.[2] Because Mills is neither a public official nor a public figure, we affirm the judgment based on the jury's verdict for damages and attorney fees.

2. The trial court's order of a permanent injunction enjoined Ellerbee from making 27 statements. We reverse the injunction because the jury did not find all of those statements defamatory in its verdict and because the order sweeps more broadly than necessary. See *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 715 (363 SE2d 140) (1987); *Retail Credit Co. v. Russell*, 234 Ga. 765, 777 (218 SE2d 54) (1975) (upholding narrowly drawn injunction that restrained commercial investigative company from making two statements about an individual).

*Judgment reversed in Case No. S92A0595. Clarke, C. J., Bell,*

---

[2] This is not to say that, in some instances, principals might not be public figures, under *New York Times*, by, for example, inviting attention and comment by thrusting themselves into a controversy. See *Gertz*, supra at 418 U. S. 345.

*P. J., Benham, Fletcher and Sears-Collins, JJ., concur. Judgment affirmed in Case No. S92A0597. Clarke, C. J., Bell, P. J., Benham and Sear-Collins, JJ., concur; Fletcher, J., concurs specially.*

FLETCHER, Justice, concurring specially.

This appeal raises the issue whether a principal of a public high school is a public official or public figure who must prove that statements about his job performance were made with actual malice before recovering damages for defamation. By holding that a principal is not a public official, the majority opinion belies this court's professed commitment "to protect the right of free speech." *High Country Fashions v. Marlenna Fashions,* 257 Ga. 267, 268 (357 SE2d 576) (1987). The opinion exalts the right of a public school principal to protect his professional reputation over the right of parents, teachers, and school officials to offer criticism of the job performance of the persons charged with the day-to-day responsibility of running our public schools. I would hold that a public school principal is a "public official" under defamation law.

1. In *New York Times Co. v. Sullivan,* 376 U. S. 254, 279-280 (84 SC 710, 11 LE2d 686) (1964), the United States Supreme Court held that the constitutional guarantees of freedom of speech and press require a public official in a libel action brought against critics of his official conduct to prove that the defamatory statement was made with "actual malice." Whether a government employee is a public official is a question of federal constitutional law, although states may give the term a broader meaning. Restatement (Second) of Torts, § 580A, comment c (1977); see *Rosenblatt v. Baer,* 383 U. S. 75, 84 (86 SC 669, 15 LE2d 597) (1966). In concluding that the supervisor of a county recreation area was a public official, the Court decided that

> the "public official" designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs.
>
> . . . Where a position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance of all government employees, . . . the *New York Times* malice standards apply.

*Rosenblatt,* 383 U. S. at 85-86.

No Georgia decision has determined which persons holding positions of responsibility in the public educational system are "public officials." *Byers v. Southeastern Newspaper Corp.,* 161 Ga. App. 717,

719 (288 SE2d 698) (1982). The three appellate courts in other states that have considered whether a principal is a public official announce their holding without clearly explaining their reasons.[3] The majority opinion similarly fails to justify its holding that a principal is a private figure. Instead, the majority dismisses public education as a responsibility of government and belittles the role of the public school principal. Relying on the "implicit reasoning" in the *New York Times* decision, the opinion confuses persons elected to public office with the term "public official" under defamation law as delineated in U. S. Supreme Court cases.

I conclude that a principal of a public school is sufficiently high in the hierarchy of governmental affairs to qualify as a "public official." The principal's position is one that has "substantial responsibility for and control over the conduct" of public education and "invites public scrutiny and discussion of the person holding it." See *Rosenblatt*, 383 U. S. at 85-86. The principal of a public school is the key governmental employee responsible for implementing the state's "primary obligation" to provide "an adequate public education for the citizens." Ga. Const., Art. VIII, Sec. I, Par. I (1983). As the school's chief administrative officer, the principal establishes school policy, recommends hiring and firing of teachers and staff, implements curriculum and other educational programs, expends and accounts for public funds, represents the institution before the public, and is accountable for the students' educational advancement and the faculty's performance.[4] Thus, unlike the decision in *McCutcheon v. Moran* on which the majority relies, I differentiate between the role of public school principals, who occupy a policymaking position and exercise substantial administrative responsibilities, and public school teachers, who do not.[5]

---

[3] Compare *Kapiloff v. Dunn*, 27 Md. App. 514 (343 A2d 251, 258) (1975) (holding a high school principal is within the public figure-public official classification), cert. denied, 426 U. S. 907 (1976) and *Reaves v. Foster*, 200 S2d 453, 456 (Miss. 1967) (treating a high school principal as a public official) with *McCutcheon v. Moran*, 99 Ill.App.3d 421 (425 NE2d 1130) (1981) ("The relationship a public school teacher or principal has with the conduct of government is far too remote, in our minds, to justify exposing these individuals to a qualifiedly privileged assault upon his or her reputation."). See generally Annotation, *Libel and Slander: Who Is a Public Official or Otherwise Within the Federal Constitutional Rule Requiring Public Officials to Show Malice*, 19 ALR3d 1361 (1968 & 1992 Supp.).

[4] The power of any principal, of course, is circumscribed by state law and standards and local policy. The statutory responsibilities of principals illustrate the critical role they play in public education. The Georgia Code requires a principal to be present when corporal punishment is administered, execute a bond for the accounting of public funds, exercise control over the buildings and grounds, and report a student's criminal act to the school system superintendent. OCGA §§ 20-2-731 (3); 20-2-960 (a); 20-2-1180 (a); 20-2-1184 (a).

[5] See, e.g., *Nodar v. Galbreath*, 462 S2d 803, 808 (Fla. 1985) (declining to conclude public school teacher is a public official who accepts a policymaking position with a government institution); *True v. Ladner*, 513 A2d 257, 264 (Me. 1986) (noting no evidence that the public

Moreover, it is sound public policy to require a principal to prove reckless disregard before recovering damages for injury to his or her reputation. Otherwise, a parent who appears at a local school board to criticize the actions of the principal can be held liable more easily for comments made, even in good faith. It is more important to permit a robust discussion of our public schools, whether sex education, drug use, or racial insensitivity is the topic, than to permit a principal to recover damages by a lesser standard than "actual malice." "Criticism of those responsible for government operations must be free, lest criticism of government itself be penalized." *Rosenblatt*, 383 U. S. at 85.

2. A public figure, like a public official, "may recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with" actual malice.[6] *Gertz v. Robert Welch, Inc.*, 418 U. S. 323, 342 (94 SC 2997, 41 LE2d 789) (1974). Unlike a "public official," however, the determination whether an individual is a "public figure" is adjudicated case-by-case. See, e.g., *Byers*, 161 Ga. App. at 721 (holding dean at state college was a "public figure" regarding dispute on the proposed elimination of his position). An individual may attain status as a public figure by position alone or by "purposeful activity amounting to a thrusting of his personality into the 'vortex' of an important public controversy." *Curtis Publishing Co. v. Butts*, 388 U. S. 130, 155 (87 SC 1975, 18 LE2d 1094) (1967); see, e.g., *Williams v. Trust Co.*, 140 Ga. App. 49, 54 (230 SE2d 45) (1976) (holding Hosea Williams is a public figure). "A citizen's participation in community and professional affairs" does not render him a public figure for all purposes. *Gertz*, 418 U. S. at 352.

I agree with both the trial court and this court's majority that Mills is not a public figure. His leadership role in civic clubs and professional associations, speeches to business clubs and educational groups, consulting positions with other school districts and universities, and membership on advisory boards in the educational field do not make him a "public figure." See *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 712 (363 SE2d 140) (1987) (holding plastic surgeons were not "limited purpose public figures" concerning "Skim Milk" article in medical journal).

3. Because of the constitutional requirement of independent appellate review, this court may affirm the jury award if Mills has proved "actual malice" by clear and convincing evidence. See *Bose*

---

school teacher "exercised substantial administrative or policymaking responsibilities or supervised substantial numbers of employees"); *Richmond Newspapers v. Lipscomb*, 234 Va. 277 (362 SE2d 32, 36) (1987) (concluding that public school teacher did not influence or control any public affairs or school policy), cert. denied, 486 U. S. 1023 (108 SC 1997, 100 LE2d 228) (1988).

[6] It would be unnecessary to determine whether Mills is a "public figure" if the majority agreed that a public school principal is a public official.

*Corp. v. Consumers Union*, 466 U. S. 485, 511 (104 SC 1949, 80 LE2d 502) (1984). A review of the record shows that Mills presented clear and convincing evidence that Ellerbee acted with "actual malice." Accordingly, I concur that this court should affirm the judgment based on the jury's verdict for damages and attorney fees.

DECIDED NOVEMBER 16, 1992.

*Weinstock & Scavo, Michael Weinstock, Allyson H. Baum*, for appellant.

*Moore & Rogers, Robert D. Ingram, C. Gregory Ragsdale, R. Lon Thomas*, for appellee.